719 F.2d 104
 1984 A.M.C. 905, 14 Fed. R. Evid. Serv. 731
 CAPITAL MARINE SUPPLY, INC., Plaintiff,
v.
M/V ROLAND THOMAS, II, etc., et al., Defendants.
WESTINGHOUSE CREDIT CORPORATION, Plaintiff-Appellee,
v.
M/V ROLAND THOMAS, II, etc., et al., Defendants,
Leonard Prejean, in personam, Defendant-Appellant.
 No. 82-4427
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Nov. 7, 1983.
 Shelton & Legendre, Karl W. Bengtson, Lafayette, La., for defendant-appellant.
 Voorhies & Labbe, W. Gerald Gaudet, Charles D. Simmons, Lafayette, La., for plaintiff-appellee.
 Appeal from the United States District Court for the Western District of Louisiana.
 Before BROWN, TATE and HIGGINBOTHAM, Circuit Judges.
 TATE, Circuit Judge:
 
 
 1
 This appeal arises out of a maritime action filed by the plaintiff ("Westinghouse") to secure judgment upon a defaulted note, secured by a preferred ship mortgage. Prejean, one of the defendants, appeals from adverse judgment. His principal contention of error is that the balance due on the promissory note was inadequately proved through testimony based on computerized summaries of Westinghouse's business records. We affirm, finding that the testimony was properly admitted by virtue of the "business records" exception to the hearsay rule. Fed.R.Evid. 803(6).[1] However, as to the award of interest, we vacate in part and remand for recalculation.
 
 Business Records Evidence
 
 2
 Westinghouse proved the balance due on the note through the testimony of Lutz, its manager of industrial receivables. Lutz had direct control and authority over the account for which the defendant Prejean was held liable. Prejean's sole objection to the introduction of this testimony was that a predicate was required "for the admissibility of the information on those documents and the accuracy of that information." (See note 2 infra.) In compliance with that objection, Lutz testified that the documents from which he testified were business records of Westinghouse that showed the payments made and their application (by principal and interest credit respectively) on the note, and that the entries were made by an accounting clerk working directly under his authority. The district court then overruled the objection as to lack of authenticating predicate. See, e.g., Liner v. J.B. Talley and Co., Inc., 618 F.2d 327, 328 (5th Cir.1980).
 
 
 3
 Lutz then testified, based on these business records, as to the amount of principal and interest due. Lutz testified that the payment checks when received by Westinghouse were entered into a computer, that employees under his supervision in the accounts receivable department verified the information received from the computer against the daily manual ledger card maintained by them (as well as against a daily collection register), and that his employees checked the accuracy of the computer figures by actual physical calculations, as well as also calculating the monthly interest debits for each account.
 
 
 4
 At the conclusion of this witness's testimony, the defendant Prejean moved "to dismiss the case based on the fact that the plaintiff has still failed to present, by credible evidence, testimony of the amount that may or may not be due on this account; that the testimony of this witness is supported by figures and documents calculated by other persons, given to him from basic raw data that he cannot verify; that he cannot verify the computer calculations as being correct other than they happen to coincide with the figures he arrived at; and that his testimony is entirely inadequate to support that proof."[2]
 
 
 5
 We find no merit to Prejean's objection to the admissibility of Lutz's testimony as to the Westinghouse business records and the information therein contained. The necessary authenticating predicate for admission of this business records evidence is met by the showing that Lutz was the custodian of the records and able to explain the record-keeping procedures and information. Liner v. J.B. Talley and Co., Inc., 618 F.2d 327, 329 (5th Cir.1980); Coughlin v. Capitol Cement Co., 571 F.2d 290, 307 (5th Cir.1978).
 
 
 6
 The records themselves to which he testified, and the information contained therein, meet the requirements for admissibility under business records exception to the hearsay rule, Fed.R.Evid. 803(6) (quoted in note 1 supra ). Computer business records are admissible if (1) they are kept pursuant to a routine procedure designed to assure their accuracy, (2) they are created for motives that tend to assure accuracy (e.g., not including those prepared for litigation), and (3) they are not themselves mere accumulations of hearsay. Rosenberg v. Collins, 624 F.2d 659, 665 (5th Cir.1980); United States v. Fendley, 522 F.2d 181, 184 (5th Cir.1975), rev'd. on other grounds, 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976). The Westinghouse computer records, verified daily by manual calculations, were created to assure accuracy of customer billing and indebtedness.
 
 
 7
 The district court has broad discretion in ascertaining the admissibility of business record evidence, which should not be disturbed on review in the absence of abuse. Rosenberg, supra, 624 F.2d at 665. We find no abuse here. We also note that at no time at the trial did Prejean attempt to claim that payments made were not credited to the account of the note, only that the evidence of such total payments failed to meet the Rule 803(6) exception to admission of hearsay testimony.
 
 Other Contentions
 
 8
 (a) Reopening
 
 
 9
 Prejean contends that the district court erred in twice permitting the plaintiff Westinghouse to reopen its case after it had rested. The district court itself did so the first time, when an issue arose in argument on Prejean's motion for directed verdict as to the validity of Prejean's signature on the note, and the court then reopened the case and called Prejean to testify, see Fed.R.Evid. 614(a), who then freely verified his execution of the instrument. In the second instance, the trial court found that the first witness called by Westinghouse to authenticate the business records did not meet the custodian-qualified witness requirement, see Liner and Coughlin, supra, at which time the district court recessed the case for five days to permit Westinghouse to fly Lutz, the custodian of the records, down from Pennsylvania to testify.
 
 
 10
 We find no abuse of the district court's discretion to reopen the case to permit additional evidence. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 332, 91 S.Ct. 795, 803, 28 L.Ed.2d 77 (1971). The exercise of the district court's discretion takes into account considerations of fairness, substantial justice, and undue prejudice; but where the missing testimony can be made available without undue delay, as here, the exercise of this discretion is readily justified. Hall v. Aetna Casualty and Surety Co., 617 F.2d 1108, 1111 (5th Cir.1980); 6A Moore's Federal Practice, p 59.04 (2d ed. 1983). A classic instance for the sound exercise of the reopening discretion in a nonjury case, such as the present, is "where the defendant [has] moved for a dismissal at the close of plaintiff's case," and reopening is ordered "to permit the plaintiff to supply certain defects and omissions in his proof." Moore, supra, at p. 59-34.
 
 
 11
 (b) Interest
 
 
 12
 Lutz's testimony, based on the Westinghouse business records, adequately shows that the monthly interest on the unpaid principal was calculated in accordance with the note. Nevertheless, as the defendant Prejean points out, the final award apparently through inadvertence is for prejudgment interest calculated upon a larger amount of principal than was owed, an objection also urged at the trial. R.II, p. 40.
 
 
 13
 The testimony of Lutz and another Westinghouse witness was to the effect that the unpaid principal on the note amounted to some $420,000, and the unpaid interest on that amounted to $125,657.72 on August 31 and to $126,805.01 on September 7, 1982. Subsequently, the district court disallowed recovery of some $15,000 on the principal (as additions to principal for litigation expenses that were not authorized by the terms of the note).
 
 
 14
 The district court judgment of September 15, 1982 therefore allowed recovery of only $405,331.94 of principal. However, the prejudgment interest awarded therein was in the amount of $125,952.07, i.e., a figure that, based on the testimony of Westinghouse's witnesses, also included interest on the disallowed $15,000 of the balance of the principal.
 
 
 15
 Accordingly, we will vacate the award of interest and remand for a recalculation at the same rates as previously used upon the principal amount actually owed, with proportionate reduction in the 20% attorney's fees awarded (in accordance with the terms of the note).
 
 Conclusion
 
 16
 We AFFIRM the judgment appealed from, but we in part VACATE the award of interest for recalculation in accordance with the views above expressed. The defendant-appellant to pay the costs of this appeal.
 
 
 17
 AFFIRMED IN PART; VACATED AND REMANDED IN PART.
 
 
 
 [1]
 Fed.R.Evid. 803(6) provides:
 The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
 (6) Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.
 
 
 [2]
 We have noted that Prejean's objections to Lutz's testimony was only as to its content, i.e., the information to which he testified on the basis of Westinghouse's business records. On appeal, for the first time, Prejean complains that the documents were not themselves ever introduced in evidence. Following Lutz's testimony on direct examination, the documents were given to Prejean's counsel, R.II, p. 37, who proceeded to cross-examine Lutz as to various entries, how the interest was calculated, and as to the methodology involved in the calculations. Having failed to object in the trial court to Lutz's testimony on the ground that the documents from which he testified should also be introduced, Prejean may not now urge this as error on appeal. Fed.R.Evid. 103(a)(1)
 Nor do we find logic or authority to support Prejean's contention, first raised on appeal, that Lutz's testimony--summarizing documents that themselves were admissible under the business records exception (see text), and which were used by both parties for direct and cross-examination--may not be considered for its probative content because neither party saw fit to introduce these documents themselves in evidence.