Donald L. **SNELLMAN** d/b/a **Norfin,**
Plaintiff-Appellee,

v.

**RICOH COMPANY LTD.,**
Defendant-Appellant.

No. 87–1246.

United States Court of Appeals,
Federal Circuit.

Dec. 31, 1987.

[redacted]

Karen Wuest, of Metzger & Shadyac, Washington, D.C., argued for plaintiff-appellee. With her on the brief was John Lockie, of Metzger & Shadyac, Washington, D.C.

Gerald W. Griffin, of Cooper, Dunham, Clark, Griffin & Moran, New York City, argued for defendant-appellant. With him on the brief were Preston Moore and Grant L. Kim, of Morrison & Foerster, San Francisco, Cal. Of counsel were Arthur I. Neustadt and Richard D. Kelly, of Oblon, Fisher, Spivak, McClelland & Maier, Arlington, Va.

Before MARKEY, Chief Judge, SKELTON and BALDWIN, Senior Circuit Judges.

MARKEY, Chief Judge.

Ricoh Company Ltd. (Ricoh) appeals from a judgment of the United States District Court for the Northern District of California (Ingram, S.J.) dismissing Ricoh's counterclaim that Donald L. Snellman d/b/a Norfin (Norfin) breached a contract, on the ground that Ricoh had not timely moved for new trial on its counterclaim or for judgment notwithstanding a jury verdict that Norfin was not in breach. No. C-82-6188-WAI (Feb. 18, 1987). We affirm.

BACKGROUND

In December 1979, Ricoh and Norfin entered a contract requiring Norfin to develop and manufacture collators for Ricoh photocopiers. Norfin promised its best efforts to timely develop the collators. Ricoh promised its best efforts to buy the collators on an estimated schedule of need. Norfin completed prototypes in June 1980, but refused to ship them until Ricoh agreed to certain contract modifications. When Ricoh declined, Norfin did not ship the prototypes. Ricoh terminated the contract in September 1980 and developed its own collator.

*Trial*

In November 1982, Norfin sued Ricoh, alleging that Ricoh's collator infringed Norfin's U.S. Patent No. 3,414,254. In December 1982, Norfin added a claim that Ricoh breached the contract. Ricoh counterclaimed, and Norfin denied, that Norfin breached the contract.

In a one-month jury trial on all claims in July and August, 1984, Norfin contended that it suspended its performance because it doubted Ricoh would perform, calling that doubt a reasonable ground for insecurity under § 2-609 of the Uniform Commercial Code (U.C.C.). After Norfin presented its evidence, Ricoh moved for directed verdict under Fed.R.Civ.P. 50(a) on "the breach of contract issue." Before the jury retired, Ricoh renewed its motion "as to the contract issue and as to the patent issue, and at the same time ... for judgment in favor of [Ricoh] based now upon all of the evidence in the case." The district court denied the motion.

On August 3, 1984, the jury answered "special interrogatories" in accordance with Fed.R.Civ.P. 49(a). The jury answered "Yes" to the question "Do you find that Ricoh breached the contract?" and awarded Norfin $2.9 million in contract damages. The jury found that Ricoh's collators infringed the patent, that infringement was

not willful, and that Norfin should be awarded $12 million as a reasonable royalty.

Of primary importance on this appeal, the jury answered "No" to the question "Do you find that Norfin breached the contract?"

On August 8, 1984, the clerk entered this judgment:[1]

This action came on for trial before the Court and a jury, Honorable William A. Ingram, United States District Judge, presiding, and the issues having been duly tried and the jury having duly rendered its verdict,

It is Ordered and Adjudged, that Norfin be awarded the sum of Twelve Million Dollars, as a reasonable royalty, for the infringement of the Snellman '254 patent.

It is Further Ordered and Adjudged, that Norfin be awarded the sum of Two Million Nine Hundred Thousand Dollars, for the breach of contract.

It is Further Ordered and Adjudged, that the counterclaim of Ricoh, is dismissed.

### Post–Trial Motions

On August 13, 1984, Ricoh moved for "a Judgment Notwithstanding the Verdict in favor of Defendant Ricoh with respect to [Norfin's] Causes of Action for Breach of Contract and Patent Infringement." Fed. R.Civ.P. 50(b). In an accompanying memorandum Ricoh argued, "The evidence cannot be interpreted in any light other than that Norfin breached the contract.... Therefore, neither the finding of breach by Ricoh nor the amount of damages found by the jury should be accepted by this Court." Ricoh did *not* move for JNOV respecting its counterclaim that Norfin breached the contract. In its memorandum, Ricoh did not mention its counterclaim or the jury's answer that Norfin did not breach the contract.

With its JNOV motion, Ricoh moved under Rules 50(b), 59(b) "for a New Trial on all issues." In its accompanying memorandum, Ricoh stated:

[T]he jury verdict with respect to the Breach of Contract and Patent Infringement claims are clearly erroneous, and against the weight of the evidence.

These issues are addressed at length in Ricoh's Motion for Judgment N.O.V. filed concurrently herewith, and accompanying Memorandum of Points and Authorities and attachments, which Defendant respectfully incorporates herein....

On January 18, 1985, the district court granted Ricoh's JNOV motion "on all issues with respect to [Norfin's] breach of contract claim," saying it was "of opinion that the evidence taken as a whole supports only one reasonable conclusion on the contract claim: [Ricoh] did not breach the agreement of December 13, 1979." The court denied JNOV respecting patent infringement.

In the same order, the district court granted a new trial on patent damages, stating, "The verdict of $12,000,000 constitutes a miscarriage of justice...." The court denied Ricoh's new trial motion on the infringement claim and did not mention Ricoh's counterclaim for breach of contract.

Norfin appealed from, and this court affirmed, the judgment entered NOV on its claim of breach by Ricoh. This court said, "We are satisfied that there was no substantial evidence on which a jury could have based a verdict of breach of contract by Ricoh." *Snellman d/b/a Norfin v. Richon Co.*, No. 85–2183, slip op. at 1–2 (Fed. Cir. July 22, 1986) [802 F.2d 469 (table)].

■ Ricoh did not appeal from that part of the judgment dismissing its counterclaim.[2]

---

1. Although the clerk's entry was not preceded by a general verdict or upon a decision by the court, and was not therefore in literal compliance with Fed.R.Civ.P. 58, the parties have not attacked the August 8, 1984 judgment on that ground.

2. Having failed to move for a directed verdict on its counterclaim, Ricoh was precluded from moving for JNOV on its counterclaim. Fed.R. Civ.P. 50(b). If Ricoh had moved for retrial on its counterclaim, it could not have appealed the denial of that motion. *Railroad Dynamics, Inc.*

*Motion for Reconsideration*

While Norfin's appeal was pending, proceedings in the patent damages retrial continued. On December 5, 1985, Ricoh moved for reconsideration of the order for new trial on patent damages, requesting that the measure of damages

> include the compensation owed to Ricoh for its breach of contract counterclaim.
>
> This motion is made on the ground that in its January 18, 1985 Order, the Court has concluded that Norfin failed to perform its contract with Ricoh and that this failure to perform was unexcused. The Court denied Norfin's claim for breach of contract on this ground. The same reasoning compels the conclusion that Ricoh is entitled to prevail on its breach of contract counterclaim. The only remaining issue is the amount of damages sustained by Ricoh as a result of Norfin's nonperformance. This issue should be included in the retrial of the damages phase of this case.

Ricoh asked the court to "vacat[e] any portion of the August 8, 1984 interlocutory judgment reflecting denial of Ricoh's counterclaim."

*The District Court's Order*

The district court denied Ricoh's motion for reconsideration on February 13, 1987 in an order stating:

> The court has carefully reviewed Ricoh's motion for new trial. Although addressed to "all issues," the motion fails to specify that a new trial is sought on the contract counterclaim. *See* Fed.R. Civ.P. 7(b)(1) (a motion "shall state with particularity the grounds therefore [sic], and shall set forth the relief or order sought").
>
> \* \* \* \* \* \*
>
> The [August 13, 1984] J.N.O.V. motion is addressed solely to the Norfin contract

*v. A. Stucki Co.,* 727 F.2d 1506, 1511, 220 USPQ 929, 934 (Fed.Cir.) ("Orders denying a motion for JNOV and granting or denying a motion for new trial do not generally result in judgments and are not themselves appealable."), *cert. denied,* 469 U.S. 871, 105 S.Ct. 220, 83 L.Ed.2d 150 (1984).

and patent infringement claims. No mention is made of the Ricoh contract counter-claim.

> \* \* \* \* \* \*
>
> Ricoh failed to move for either a J.N.O. V. or new trial on its contract counter-claim within ten days of entry of judgment as required by Rules 50(b) and 59(b).

The court concluded:

> The court recognizes that a logical conclusion to be drawn from the Federal Circuit affirmance of the J.N.O.V. order is that Norfin breached the contract. However, this court is bound by the time strictures of Rule 59. Absent a timely J.N.O.V./New Trial motion addressed to the contract counter-claim, this court is without jurisdiction to disturb that aspect of the judgment.

The court entered a second judgment dismissing Ricoh's counterclaim on February 18, 1987.[3]

## ISSUES

(1) Whether the district court erred in dismissing Ricoh's counterclaim.

(2) Whether this court may order a new trial on Ricoh's counterclaim.

## OPINION

*Introduction*

This appeal is but another among those that seek only to rectify in this court the mistakes made by counsel in the trial court. That is not the purpose of the appellate process and is not the role of this court. *See DMI, Inc. v. Deere & Co.,* 802 F.2d 421, 426, 231 USPQ 276, 279 (Fed.Cir.1986); *Rolls-Royce Ltd. v. GTE Valeron Corp.,* 800 F.2d 1101, 1108, 231 USPQ 185, 190 (Fed.Cir.1986). Having failed to convince the jury that Norfin breached the contract,

**3.** On May 26, 1987, following retrial, the district court awarded Norfin damages of $453,000 for patent infringement and $287,767 in prejudgment interest. Norfin's appeal and Ricoh's cross-appeal from that judgment are now pending before this court. Nos. 87–1434/–1435.

Ricoh then failed to challenge the jury's finding by a proper motion for JNOV or for new trial under the applicable rules.[4]

## I. *Dismissal of the Counterclaim*

Ricoh advances two arguments: (1) Its motion for new trial on "all issues" effectively requested a new trial on its contract counterclaim; and (2) If Ricoh's August 13, 1984 motions did not address its counterclaim, its new trial motion nonetheless suspended finality of the judgment, and the district court retained jurisdiction to modify any part of it. Fed.R.Civ.P. 54(b).

### A. *"All Issues"*

■ As set forth in its February 13, 1987 order (quoted above) denying Ricoh's motion for reconsideration, the district court rejected the argument that a motion for new trial on "all issues" constituted a specific request for the relief of a new trial on the contract counterclaim.

Ricoh says the district court's interpretation of Rule 7(b)(1) is hypertechnical and contrary to the spirit of the Rules, arguing that Rule 7 requires particularity only in the grounds for a motion, not in the relief requested, citing *St. Marys Hospital Medical Center v. Heckler*, 753 F.2d 1362, 1365 (7th Cir.) ("Even if the Federal Rules required that the requested relief as well as the grounds for it be set forth with specificity, the Secretary's instant [Rule 59] motion meets these requirements."), *cert. denied*, 472 U.S. 1028, 105 S.Ct. 3502, 87 L.Ed.2d 633 (1985).

Ricoh's argument is spurious. Its difficulty is not related to "the grounds therefor." Its difficulty lies in its failure to "set forth the relief" it now seeks. Ricoh's post-trial motions did set forth the relief sought by those motions, i.e. either JNOV or a new trial on Norfin's contract and patent infringement claims, and on damages for both. Although Ricoh's JNOV memorandum says Norfin breached the contract, that sentence is part of its argument against the jury finding that Ricoh breached. None of Ricoh's August 13, 1984 motions or memoranda even mentions its contract counterclaim, let alone demands JNOV or new trial on that counterclaim.

Though the Federal Rules of Civil Procedure should be liberally construed, *Schlagenhauf v. Holder*, 379 U.S. 104, 121, 85 S.Ct. 234, 244, 13 L.Ed.2d 152 (1964), they were established to take the guesswork out of trials, not to add to it. *See Johnson v. New York, N.H. & H.R. Co.*, 344 U.S. 48, 53, 73 S.Ct. 125, 128, 97 L.Ed. 77 (1952) ("Rewriting [Rule 50(b)] to fit counsel's unexpressed wants and intentions would make it easy to reintroduce the same type of confusion and uncertainty the rule was adopted to end."). Allowing later injection of requests for relief not specified in a Rule 59 motion would repeal the 10–day limitation of that Rule. *See Tarlton v. Exxon*, 688 F.2d 973, 977–79 (5th Cir.1982) (reversing grant of new trial to a defendant who sought no relief during the 10–day period though another defendant filed a timely new trial motion), *cert. denied*, 463 U.S. 1206, 103 S.Ct. 3536, 77 L.Ed.2d 1387 (1983).

The district court, as it was led to do, properly acted "on all issues with respect to [Norfin's] breach of contract claim" as Ricoh requested. The court should not have had to guess whether by "all issues" Ricoh meant those respecting its counterclaim as well as the issues raised by the claims it expressly set forth. A catchall phrase cannot serve as a cure-all for failure to set forth in a Rule 59 motion the relief sought.

The district court properly interpreted Rule 7(b)(1) as requiring Ricoh to specifically set forth in its August 13, 1984 new trial motion that it sought the relief of a new trial on its counterclaim. Because Ricoh did not so specify, Ricoh did not move for a new trial on its counterclaim within ten days following entry of judgment as required by Fed.R.Civ.P. 59(b).

### B. *Rule 54(b)*

■ The August 8, 1984 judgment adjudicated at that point all claims in the case.

---

4. Ricoh tells us it acquired new counsel during the pendency of Norfin's appeal.

For purposes of appeal, Ricoh's timely new trial motion suspended the finality of that judgment, Fed.R.App.P. 4(a)(4), and the grant of a new trial on patent damages meant that the judgment adjudicated fewer than all claims. In that sense, and only in that sense, may the judgment be referred to as "interlocutory." Ricoh argues from that that the district court retained jurisdiction, under Fed.R.Civ.P. 54(b), to modify any part of it.

Rule 54(b) provides, in relevant part:

[A]ny order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

According to Ricoh, when a timely motion seeking the relief of a new trial on some claims is filed following a judgment adjudicating all claims, the court retains jurisdiction under Rule 54(b) to modify the judgment and grant relief not set forth, and on claims not specified, in the motion. Ricoh says "nothing in the language of Rule 59 overrides the broad authority granted to a district court under Rule 54 to modify an interlocutory order 'at any time.'" Ricoh would thus read Rule 54 as nullifying Rule 59's time limitation and Rule 7's requirement that the relief requested be set forth.

Because construction of the Federal Rules of Civil Procedure is a matter not unique to patent law, we would normally apply the law of the regional circuit in which the district court sits, here the Ninth Circuit. *Atari, Inc. v. JS & A Group, Inc.,* 747 F.2d 1422, 1438–40, 223 USPQ 1074, 1086–87 (Fed.Cir.1984) (in banc). Ricoh's reliance on the Ninth Circuit's decision in *Roy v. Volkswagenwerk Aktiengesellschaft,* 781 F.2d 670 (9th Cir.1985) (per curiam), however, is misplaced. It was there held that a timely new trial motion enables the district court to retain jurisdiction to consider *grounds* not stated in the motion. 781 F.2d at 671; Fed.R.Civ.P. 59(d). *Roy* does not address whether a district court retains jurisdiction to grant *relief* not requested in the motion or raised *sua sponte* by the court within 10 days of entry of judgment. Fed.R.Civ.P. 59(b), (d).

Neither party cites a case, and we have found none, in which the Ninth Circuit analyzed the relationship between retention of jurisdiction under Rule 54(b) to consider relief not requested and the time limit of Rule 59. We look, therefore, to other circuits. *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.,* 813 F.2d 1207, 1209, 2 USPQ2d 1034, 1036 (Fed.Cir.1987).

In *Tarlton,* 688 F.2d at 977–79 & n. 4, it was held that a timely new trial motion did not enable a district court to retain jurisdiction to grant relief not requested in a motion or raised *sua sponte* by the court within 10 days of entry of judgment. The Fifth Circuit rejected the argument, here advanced by Ricoh, that the time limit of Rule 59 applies only to a "final" or "appealable judgment." 688 F.2d at 978.[5]

---

**5.** The time limit of Rule 59 has been held applicable and inapplicable under varying circumstances. *See Cormier v. Rowan Drilling Co.,* 67 F.R.D. 102, 105–06 (E.D.La.1975) (refusing, in jury case, to entertain new trial motion served 13 days after entry of judgment certified under Rule 54(b): "the rule of finality finds its application and development in the law of appellate jurisdiction; it may be that a judgment that is interlocutory for purposes of appeal is nonetheless sufficient to invoke the Rule 59 time limits"), *aff'd,* 549 F.2d 963 (5th Cir.1977); *Conmar Prods. Corp. v. Tibony,* 63 F.Supp. 372, 377, 67 USPQ 323, 327 (E.D.N.Y.1945) (Motion to "resettle" interlocutory judgment after nonjury trial "should have been made as a motion for a

new trial within the 10 days specified by subd. b of Rule 59 of the Federal Rules of Civil Procedure."); *contra O. Hommel Co. v. Ferro Corp.,* 659 F.2d 340, 353–54 (3d Cir.1981) (JNOV motion filed within 10 days of final judgment, but not within 10 days of interlocutory judgment entered on jury verdict, was timely), *cert. denied,* 455 U.S. 1017, 102 S.Ct. 1711, 72 L.Ed.2d 134 (1982); *Warner v. Rossignol,* 513 F.2d 678, 684 n. 3 (1st Cir.1975) (rejecting argument that new trial motion on liability had to be filed within 10 days of interlocutory judgment entered on jury verdict: "'The judgment' referred to in Fed.R.Civ.P. 59(b) is the final judgment that will be entered after damages are assessed."); *Manos v. Trans World Airlines, Inc.,*

The dispositive facts in *Tarlton* being substantially similar to those present here, and the reasoning in *Tarlton* being fully compatible with the intent and spirit of the Federal Rules of Civil Procedure, we are convinced that the Ninth Circuit would conclude that the district court properly held in this case:

> Absent a timely J.N.O.V./New Trial motion addressed to the contract counterclaim, this court is without jurisdiction to disturb that aspect of the judgment.

## II. *This Court's Power to Grant a New Trial*

■ Ricoh argues that, even if no post-trial motions had been filed, this court may order a new trial on Ricoh's counterclaim because we affirmed the district court's holding that Norfin lacked grounds for insecurity under U.C.C. § 2–609.

Ricoh acknowledges that it did not move for a directed verdict or JNOV on its counterclaim. Nor, as above indicated, did it timely move for a new trial on its counterclaim. Ricoh argues however that, because Norfin's contract claim is a "mirror image" of Ricoh's counterclaim, its motions presented "the essential underlying issue" of its counterclaim, i.e., insufficiency of the evidence to support the jury's finding that Ricoh breached the contract means the evidence was insufficient to support the jury's finding that Norfin did not breach the contract. On that premise, Ricoh boldly asserts that this court has authority to order a new trial on its counterclaim regardless of whether it presented that question to the district court.

Motions for a new trial are committed to the discretion of the district court. *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556, 104 S.Ct. 845, 850, 78 L.Ed.2d 663 (1984); *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 216, 67 S.Ct. 752, 755, 91 L.Ed. 849 (1947). The Ninth Circuit reviews the denial of a new trial motion based on insufficiency of evidence on a specified claim only for abuse of

discretion. *Angle v. Sky Chef, Inc.*, 535 F.2d 492, 494 (9th Cir.1976). "But naturally in order to invoke even this narrow review, the motion for new trial would have to be made so that the trial court is given the opportunity to exercise its discretion." J. Moore, J. Lucas & G. Grotheer, 6A *Moore's Federal Practice* ¶ 59.14 at 59–306 (2d ed. 1987); *see Scientific Holding Co. v. Plessey Inc.*, 510 F.2d 15, 28 (2d Cir.1974). Ricoh can hardly be heard to charge the district court with an abuse of discretion when it failed to provide the district court the opportunity of exercising that discretion.

Assuming, as the district court stated, that "a logical conclusion to be drawn from the Federal Circuit affirmance of the J.N.O.V. order is that Norfin breached the contract," the fundamental fact is that Ricoh has never, at any time, presented to the district court the question of whether it was entitled to a new trial on its counterclaim. Requiring a party to play by the Rules cannot be equated with the substantial injustice that may under other circumstances warrant remand for a new trial. *See Railroad Dynamics, Inc. v. A. Stucki Co.*, 727 F.2d 1506, 1511, 220 USPQ 929, 934 (Fed.Cir.), *cert. denied*, 469 U.S. 871, 105 S.Ct. 220, 83 L.Ed.2d 150 (1984). Indeed, a remand subjecting a party to another trial at the behest of an adversary who failed to comply with the Rules may itself be an injustice to the former. *See Layne v. United States*, 460 F.2d 409, 411–12 (9th Cir.1972) (declining to consider argument that damages were inappropriately calculated because the argument had not been presented to the trial court). There is no basis on which this court might order a new trial in this case.

## CONCLUSION

Ricoh failed to move for a new trial on its counterclaim within 10 days of entry of judgment. Accordingly, the district court had no jurisdiction to disturb that portion of the judgment of August 8, 1984, in

324 F.Supp. 470, 488 (N.D.Ill.1971) (in a nonjury trial, "since the judgment order in question was interlocutory and not a final order, these [time

limit] provisions of Rule 59 are not applicable"). The facts in none of those cases correspond to those here.

which it properly dismissed Ricoh's counterclaim.

AFFIRMED.