**William BELBER, Plaintiff, Appellee,**

v.

**Charles S. LIPSON, M.D., d/b/a Metromedic Walk In Medical Center, Defendant, Appellee.**

**Appeal of W. Robert FELIX, Jr., M.D., Defendant.**

**No. 89–2010.**

United States Court of Appeals, First Circuit.

Heard May 10, 1990.

Decided June 14, 1990.

Judith Farris Bowman, with whom Gitlin, Emmer & Kaplan, Boston, Mass., were on brief, for appellant.

Philip F. Mulvey, Jr., Boston, Mass., for plaintiff, appellee, William Belber.

Before CAMPBELL, Circuit Judge, BOWNES, Senior Circuit Judge, and TORRUELLA, Circuit Judge.

BOWNES, Senior Circuit Judge.

Dr. W. Robert Felix appeals from evidentiary rulings made by the district court in a case where he was found by a jury to have committed medical malpractice. We affirm.

William Belber's wrist was injured while he was on a commercial fishing voyage from a port on Long Island, New York. Felix treated Belber for a fractured wrist at the Metromedic Walk In Medical Clinic (Metromedic) in New Bedford, Massachusetts. The wrist did not heal correctly and is permanently injured. Belber sued Felix and Metromedic. By pretrial stipulation Metromedic agreed that if Felix was found liable, it was liable under the doctrine of *respondeat superior*. A jury determined that Felix had negligently repaired the fracture. Metromedic has paid the verdict including interests and costs.

During the trial Dr. Felix represented himself. Metromedic was represented by a lawyer with whom Felix was able to consult throughout the trial. Most of Felix's and Metromedic's interests were identical.

One issue at the trial and the major one on appeal was whether Felix had properly repositioned the fracture and applied an appropriate cast. Felix claimed that he had

provided competent emergency medical treatment. He testified that he told Belber to have the fracture examined by a specialist once Belber returned to Long Island. Felix also claimed that Belber might have contributed to his disability by using his injured hand for fishing too early in the healing process, thus putting too much pressure on the wrist, or by taking the cast off too early. A Dr. Joseph A. Spinzia examined and treated Belber after Felix and eventually removed the cast. Both parties tried to obtain Spinzia's records during pretrial discovery but were told that the records had been destroyed in an accident.

At trial, to the surprise of both parties, a witness, Dr. Conway, stated that he had additional records on Belber in his possession. Felix asserts that these additional records were Spinzia's, which Conway received from Belber's prior attorney in order to evaluate Belber's injury for an insurance company. Felix alleged that the attorney received them from Spinzia. Felix believes that the records would support his claim that Belber's cast was removed too early and/or that Belber returned to fishing too early and that either or both caused the permanent injury to his wrist. In that respect, Felix alleges that the records would contradict previous statements made by Belber.

When the records were first mentioned during the trial, Felix and Metromedic asked that they be admitted into evidence. Belber objected. The trial transcript is somewhat enigmatic about exactly what transpired. The record is bare as to the theory for admission of the documents or the grounds claimed for the objection. The judge asked Metromedic's attorney for a citation or rule of evidence that would support the admission of the records. The attorney replied that he could not give one. Felix then stated that he thought the records were admissible because they were part of Conway's records but could not cite a case or rule to support his position. The records were not admitted.

## I.

Felix now argues that the documents should have been admitted because they were sufficiently authentic to meet the requirements of Fed.R.Evid. 901 and that they were not hearsay because they were the business records of either Spinzia or Conway. Fed.R.Evid. 803(6).[1]

A ruling on the admission of evidence is within the discretion of the district court. *Kissinger v. Lofgren,* 836 F.2d 678, 683 (1st Cir.1988). We review these rulings only for an abuse of discretion. *United States v. Garcia,* 818 F.2d 136, 144 (1st Cir.1987); *United States v. Drougas,* 748 F.2d 8, 24 (1st Cir.1984); *Harrington v. United States,* 504 F.2d 1306, 1313 (1st Cir.1974).

Our review of the trial record reveals problems with both the authenticity and the admissibility of the records. For a document to be considered for admission there must be sufficient evidence to support a finding that the document is what its proponent claims it to be. Fed.R.Evid. 901(a). In this case there was no testimony

---

1. Felix has moved under Fed.R.App.P. 10(e) to expand the record on appeal by adding copies of the records that were in Conway's files and pages from Belber's deposition. We grant the motion as to the medical records because they were before the district court, but we deny the motion as to the deposition transcript because it was not presented at trial. In doing so, we are compelled to make a few comments. Counsel could have avoided this motion by marking the documents for identification so that they would have been included in the record. In addition, a clear offer of proof would have made the district court more clearly aware of the issues that Felix claims are at stake here and made our review of this case much easier. *See* Fed.R.

Evid. 103. In granting part of the motion, we want to emphasize that we are not giving any special consideration to Felix because he was *pro se* during trial. Rather, we are exercising our discretion to consider documents that the district court had an opportunity to examine, and although the trial record is not clear, in all likelihood did examine. We deny the motion as to the deposition because it is brought up for the first time before us. A 10(e) motion is designed to only supplement the record on appeal so that it accurately reflects what occurred before the district court. It is not a procedure for putting additional information, no matter how relevant, before the court of appeals that was not before the district court.

about the records by Conway or anyone else. There is no evidence in the trial record that these documents were in fact the medical records of Dr. Spinzia's treatment of Belber's wrist, nor was there evidence of how the records came into Conway's hands.

Authentication is a necessary but not sufficient condition for the admission of evidence. The district court could have determined that the documents were sufficiently authentic to allow the jury to determine if they were really what Felix claimed them to be but still ruled them inadmissible. *See generally, United States v. Sliker,* 751 F.2d 477, 496–500 (2d Cir.1984), *cert. denied,* 470 U.S. 1058, 105 S.Ct. 1772, 84 L.Ed.2d 832 (1985).

Felix argues that the documents were admissible under the business records exception to the hearsay rule. Fed.R.Evid. 803(6). In this area, as with other areas of evidentiary law, we give great latitude to trial judges' on-the-spot rulings. *United States v. Veytia–Bravo,* 603 F.2d 1187 (5th Cir.1979), *cert. denied,* 444 U.S. 1024, 100 S.Ct. 686, 62 L.Ed.2d 658 (1980) ("The primary emphasis of rule 803(6) is on the reliability and trustworthiness of the records sought to be introduced, and the trial judge exercises broad discretion in determining the inadmissibility."). Rulings of the district court are only reversed for abuse of discretion. *Capital Marine Supply, Inc. v. M/V Roland Thomas, II,* 719 F.2d 104 (5th Cir.1983).

■■ Admission as a business record requires "the testimony of the custodian or other qualified witness." Fed.R.Evid. 803(6). This testimony is essential. *NLRB v. First Termite Control Corp.,* 646 F.2d 424, 427 (9th Cir.1981). Without such a witness the writing must be excluded. *Liner v. J.B. Talley & Co.,* 618 F.2d 327 (5th Cir.1980). "Obviously a writing is not admissible ... merely because it may appear upon its face to be a writing made by a physician in the regular course of his practice. It must first be shown that the writing was actually made by or under the direction of the physician at or near the time of his examination of the individual in

question and also that it was his custom in the regular course of his professional practice to make such a record." *Masterson v. Pennsylvania R. Co.,* 182 F.2d 793, 797 (3d Cir.1950) (decided under the Federal Business Records Act). The mere custody by Conway of the medical records of another doctor does not incorporate them into Conway's business records. *See United States v. Davis,* 571 F.2d 1354 (5th Cir.1978).

■ Conway had no personal knowledge about the records. He neither created the records nor did he testify about the circumstances of their composition. He allegedly received them from an attorney who represented Belber prior to Belber's trial counsel. Conway was not competent to testify that these were business records. For this reason, the court could properly determine that the records should not be admitted as either Spinza's or Conway's business records. *See, e.g., Petrocelli v. Gallison,* 679 F.2d 286, 289–90 (1st Cir.1982).

In sum, based on the trial record before us, we cannot say that the district court abused its discretion in refusing to admit the alleged medical records of Dr. Spinzia.

II.

■ Felix also argues that he was cross-examined improperly concerning evidence of prior bad acts. Because there was no objection during the trial, we refuse to consider the issue on appeal. *See* Fed.R. Evid. 103(a)(1). In any event, we do not believe that the testimony substantially affected Felix's rights.

■ Finally, Felix claims that the evidence was not sufficient to support a jury verdict and asks us to grant a new trial. As Felix admits, he filed neither a motion for a directed verdict nor a motion for judgment notwithstanding the verdict. *See* Fed.R.Civ.P. 50. Failure to make such motions prohibits us from considering a motion for a new trial because the trial court is in a better position to decide such motions initially and must be given an opportunity to do so. *See e.g., Sears v. Pauly,* 261 F.2d 304, 307 (1st Cir.1958).

■ Felix argues that because he is a *pro se* defendant failure to object should

not be fatal. As a general rule, we look with disfavor on requests by *pro se* litigants for special consideration. *See, e.g., Andrews v. Bechtel Power Corp.,* 780 F.2d 124, 140 (1st Cir.1985), *cert. denied,* 476 U.S. 1172, 106 S.Ct. 2896, 90 L.Ed.2d 983 (1986) (quoting *Faretta v. California,* 422 U.S. 806, 835 n. 46, 95 S.Ct. 2525, 2541 n. 46, 45 L.Ed.2d 562 (1975)) ("It is impossible for an appellate court to review a non-existent district court ruling. This rule cannot be bent for *pro se* plaintiffs. The right of self-representation is not 'a license not to comply with the relevant rules of procedural and substantive law.' ") In this case we have two additional responses. First, because Metromedic's lawyer did not preserve the issues, we are not convinced that Felix would be in a different position if he had been represented personally by an attorney. In this respect the position of Felix and Metromedic were very similar, and our reading of the trial record indicates that it is unlikely that even if the proper procedure had been followed, such an appeal would be successful. This is especially true in light of our discussion of "Dr. Spinzia's" records, the claimed error that formed the basis for the motion for the new trial.

AFFIRMED.