9 F.3d 1545
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
and
Floyd A. Bell, Jr., Plaintiff,
v.
Webb W. TURNER, Defendant-Appellant.
 No. 92-2435.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 23, 1993.
Decided: November 16, 1993.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.
 Webb W. Turner, Appellant Pro Se.
 Gary R. Allen, William Sears Estabrook, III, United States Department of Justice, Washington, D.C., for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before WIDENER, HAMILTON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Webb W. Turner appeals from a jury verdict finding that he willfully failed to pay to the government federal employment taxes. For the reasons set forth below, we affirm.
 
 
 2
 The Internal Revenue Service assessed a 100 percent penalty against Floyd Bell and Turner pursuant to 26 U.S.C.s 6672 (1988), for unremitted federal employment taxes for the third and fourth quarters of 1985. The amount of the penalty was $524,166.92.
 
 
 3
 Bell paid $100 and filed a claim for refund. Not receiving a response within six months, Bell filed a complaint in the district court. The United States joined Turner as an additional Defendant.
 
 
 4
 On May 14, 1992, the district court notified the parties that a jury trial was set for August 24, 1992. The Final Pretrial Conference order was filed July 14, 1992, in which Turner listed himself as the only witness he intended to call on his behalf. On July 27, 1992, the Government moved to amend the Order on Final Pretrial Conference to add additional witnesses. The Government's trial brief and requested jury instructions were later filed.
 
 
 5
 After a three day trial, the jury returned its verdict finding that Turner was a responsible person and that he willfully failed to collect, account for, and pay the withheld taxes in the amount of $524,165.99. Judgment was entered on the verdict on September 15, 1992. No posttrial motions were filed. Turner appealed, requesting a new trial.
 
 
 6
 Failure to move for judgment as a matter of law either at the close of the evidence or after the jury's verdict prohibits a challenge to the sufficiency of the evidence on appeal. Fed. R. Civ. P. 50; Tights, Inc. v. Acme-McCrary Corp., 541 F.2d 1047, 1058 (4th Cir.), cert. denied,429 U.S. 980 (1976). Because Turner did not move for judgment as a matter of law, either at the close of the evidence, or after the jury verdict, he is precluded from raising claims that the verdict was unsupported by the evidence or that the jury's findings of fact were erroneous or misinterpretations of the evidence. Tights, Inc., 541 F.2d at 1058.
 
 
 7
 Also, Turner did not move in the district court for a new trial. The grant or denial of a motion for new trial is reviewed for abuse of discretion. Gill v. Rollins Protective Servs. Co., 836 F.2d 194, 196 (4th Cir. 1987); Snellman v. Ricoh Co., 836 F.2d 528, 534 (Fed. Cir. 1987). However, for this Court to review the decision on the motion for new trial, the motion must first be presented to the district court. Snellman, 836 F.2d at 534. Because Turner did not move for a new trial in the district court, this Court cannot grant his motion. See Belber v. Lipson, 905 F.2d 549, 552 (1st Cir. 1990).
 
 
 8
 Turner's contentions that he was not given adequate notice that the case would go to trial, and had he known, he would have presented five additional witnesses, are without merit given the May 14, 1992 notification, the subsequent filings by the government, and the fact that the Final Pretrial Conference order filed July 14, 1992, listed Turner as the only witness to be called on his behalf.
 
 
 9
 Turner also alleged that he was unable to obtain a postponement of the trial. However, there is no indication that Turner filed a motion for a continuance. Moreover, had Turner moved for a continuance alleging inadequate notice of trial, denial of such motion would not have been an abuse of discretion.
 
 
 10
 For these reasons, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED