46 F.3d 1123
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lonnie McDonovan GHOLSON, Plaintiff-Appellant,
v.
Lieutenant TRENT; Correctional Officer Harris;
Correctional Officer Jones; Correctional Officer Smith;
Correctional Officer Smallwood; Sergeant Thurston;
Sergeant Moore; Correctional Officer Kendale, Defendants-Appellees,
and
J.A. MAIERS; A.S. Burnette; Captain Berger; Mrs.
Mitchell; Lieutenant F.P. Hicks, Defendants.
Lonnie McDonovan GHOLSON, Plaintiff-Appellant,
v.
Lieutenant TRENT; Correctional Officer Harris;
Correctional Officer Smith; Correctional Officer Smallwood;
Sergeant Thurston; Sergeant Moore; Correctional Officer
Kendale; Correctional Officer Jones, Defendants-Appellees,
and
J.A. MAIERS; A.S. Burnette; Mrs. Mitchell; Captain
Berger; Lieutenant F.P. Hicks, Defendants.
Lonnie McDonovan GHOLSON, Plaintiff-Appellant,
v.
Lieutenant TRENT; Correctional Officer Jones; Correctional
Officer Harris; Correctional Officer Smith; Correctional
Officer Smallwood; Sergeant Thurston; Sergeant Moore;
Correctional Officer Kendale, Defendants-Appellees,
and
J.A. MAIERS; A.S. Burnette; Mrs. Mitchell; Captain
Berger; Lieutenant F.P. Hicks, Defendants.
 Nos. 94-6216, 94-6316, 94-6552.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 8, 1994.
Decided Jan. 11, 1995.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca B. Smith, District Judge. (CA-92-725-2)
 Lonnie Mcdonovan Gholson, Appellant Pro Se. Pamela Anne Sargent, Asst. Atty. Gen., Mary Elizabeth Shea, Office of the Atty. Gen. of Virginia, Richmond, VA, for Appellees.
 E.D.Va.
 AFFIRMED.
 Before HALL and NIEMEYER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 
 OPINION
 PER CURIAM
 
 1
 Lonnie McDonovan Gholson, an incarcerated Virginia prisoner, appeals various district court judgments and orders relating to his complaint pursuant to 42 U.S.C. Sec. 1983 (1988). Specifically, Gholson appeals the district court's orders entering judgment on the jury's verdict (No. 94-6216), denying his motion for new trial (No. 94-6316), and denying his motion for a trial transcript at Government expense (No. 94-6552). For the reasons stated below, we affirm the district court's orders in all three cases.
 
 
 2
 The case was heard by a jury on Gholson's claims against Defendants Lieutenant Trent; Correctional Officers Jones, Harris, Smith, Smallwood, and Kendale; Sergeant Thurston; and Sergeant Moore[1] based on the alleged use by Defendants of excessive force.[2] Specifically, Gholson alleged that while he was in an office on route to Unit B-3, which housed the segregation, isolation, and pre-hearing detention units, Defendants Moore, Jones, Smith, Smallwood, Trent, and Correctional Officer John Doe "just grabbed [Gholson] from the back and front and started punching [him]. Defendants then threw [Gholson] on the floor and started kicking and punching [him] even after restraints were put on [him]." He also claimed that once at Unit B-3, Defendants strip searched him in the center of the pod, and in plain view of others, including female correctional officers, in violation of his constitutional rights. Gholson asserted that he was beaten by Defendants Thurston, Kendale, Jones, Smallwood and Harris even though he displayed no resistance. According to Gholson's complaint, after he was picked up from the floor, Defendant Harris held him while Defendant Smallwood punched him. In addition, Gholson claimed that Defendant Kendale hit Gholson in the head with his walkie-talkie, and that Defendant Moore took part in the "brutal assault" on Gholson.
 
 
 3
 Gholson then asserted that while he was seen by a nurse, his medical care was inadequate, and that Defendants Trent and Thurston refused his request to be taken to the hospital for an x-ray. He claimed that he was experiencing pain in his neck, back, and ribs; that a "bump" resulted in his neck from the beating; and that he had a cut on his lips, was dizzy, and was bleeding profusely. Gholson alleged that he received "permanent back problems" from being assaulted by Defendants on October 24, 1991.
 
 
 4
 Gholson first appeals the district court's judgment entered on the jury's defense verdict (No. 94-6216). This Court may reverse a jury verdict only when there is a complete absence of probative facts to support the conclusions reached by the jury. Sherrill White Constr., Inc. v. South Carolina Nat'l Bank, 713 F.2d 1047, 1050 (4th Cir.1983). This verdict must stand if, taking the evidence in the light most favorable to Defendants, there is "any substantial evidence" to support it. See Vodrey v. Golden, 864 F.2d 28, 30 n. 4 (4th Cir.1988). "Substantial evidence" is such evidence as a reasonable mind might accept as adequate to support the conclusion even if different conclusions also might be supported by the evidence. Gibraltar Sav. v. LDBrinkman Corp., 860 F.2d 1275, 1297 (5th Cir.1988), cert. denied, 490 U.S. 1091 (1989).
 
 
 5
 Here, we find that the trial transcript reveals sufficient probative facts to support the jury's verdict in favor of Defendants. Defense witnesses testified that on October 24, 1991, Gholson made derogatory statements and threats to Smallwood as he was leaving the gym area. Trent was notified of the incident that night, at which time Trent asked for Gholson to be brought to the watch commander's office to discuss the matter. Present in the office were Trent, Moore, Kendale, Smith, Gholson, and Smallwood. When Gholson arrived and saw Smallwood, he said, "Here I am, what do you want me to do?" A scuffle ensued between Gholson and several correctional officers as they attempted to restrain Gholson and handcuff him after he became abusive. The order was made for Gholson to be taken to prehearing detention pending an investigation because he posed a threat to security. A nurse was called to the scene, and found that Gholson had received one bruise during the scuffle. All of the defense witnesses who testified about the incident in the office denied that Gholson was punched, hit, or kicked.
 
 
 6
 Another incident occurred at the segregation unit to which Gholson was taken. According to the defense testimony, Gholson struck Jones with his fist on the left side of Jones's neck as soon as Gholson's handcuffs were removed for a strip search in accordance with institutional policy. Defendant Kendale attested that while in the office he, Gholson, and Jones fell to the ground in the process of pulling Gholson away from Moore, whom Gholson was attempting to grab. He further testified that Gholson and four officers fell to the floor again outside the cell, after Gholson punched Jones, and as the officers tried to handcuff Gholson again. Kendale testified that no one hit Gholson with a radio, contrary to Gholson's contention. Kendale also testified that Gholson's strip search was never completed because Gholson punched Jones as soon as his handcuffs were removed in the cell in order to perform the search.
 
 
 7
 According to the defense testimony, Gholson refused treatment from the nurse at the segregation unit. Finally, Gholson was charged with threatening Smallwood and assaulting Jones, and was found guilty by the adjustment committee of those charges.
 
 
 8
 This Court will not review credibility determinations. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989). Here, the jury apparently believed Defendants' version of the events, rather than Gholson's allegations. In addition, Defendants' version is supported by the medical evidence introduced at trial. We find that the trial testimony, taken in the light most favorable to the Government, fully supports the jury's verdict that the Defendants exerted only the force necessary in good faith to maintain control and discipline, and not maliciously and sadistically in an effort to harm Gholson. See Whitley v. Albers, 475 U.S. 312, 320-21 (1986). Accordingly, we affirm the jury's verdict, as well as the district court's judgment entered on that verdict. See Vodrey v. Golden, 864 F.2d at 30.
 
 
 9
 Gholson also claims error in the district court's denial of his motion for a new trial (No. 94-6316). A trial court should set aside a verdict and grant a new trial if the verdict is " 'against the clear weight of the evidence or is based upon evidence which is false or will result in a miscarriage of justice.' " Gill v. Rollins Protective Servs. Co., 773 F.2d 592, 594 (4th Cir.1985), amended, 788 F.2d 1042 (4th Cir.1986) (quoting Wyatt v. Interstate & Ocean Transp. Co., 623 F.2d 888, 891-92 (4th Cir.1980)). The district court's decision regarding a motion for a new trial will be reversed only upon a showing of abuse of discretion. Id.; Snellman v. Ricoh Co., 836 F.2d 528, 534 (Fed. Cir.1987).
 
 
 10
 We have reviewed the alleged errors Gholson claimed in support of his motion for a new trial, and find them to be without merit. See United States v. Mitchell, 1 F.3d 235, 239 (4th Cir.1993) (review subject to plain error analysis absent objection at trial); United States v. Young, 470 U.S. 1, 16 (1985) (absent objection, the admission of evidence is reviewed for plain error); United States v. Harris, 409 F.2d 77, 81 (4th Cir.1969) (granting of motion to exclude witnesses is within sound discretion of trial judge). Because Gholson's grounds for a new trial were without merit, we find that the district court's denial of his motion was not an abuse of discretion. See Gill v. Rollins Protective Servs. Co., 773 F.2d at 594; Snellman v. Ricoh Co., 836 F.2d at 534.
 
 
 11
 Finally, Gholson appeals the district court's denial of his motion for a copy of the trial transcript at Government expense (No. 94-6552). An appellant proceeding in forma pauperis is entitled to a transcript at Government expense pursuant to 28 U.S.C. Sec. 753(f) (1988), if a substantial question is presented. See Gary v. Professional Div., Alberto-Culver Co., No. 87-3863 (4th Cir. Nov. 23, 1988) (unpublished); Ortiz v. Greyhound Corp., 192 F.Supp. 903, 905 (D. Md.1959). It is well settled in this Circuit that an indigent prisoner has no right to a transcript at Government expense merely to conduct a fishing expedition in an effort to find some flaw for appeal. Jones v. Superintendent, Va. State Farm, 460 F.2d 150, 152 (4th Cir.1972), cert. denied, 410 U.S. 944 (1973).
 
 
 12
 Here, in Gholson's request for a trial transcript at Government expense he merely stated that, "I need [the transcript] for appeal purposes and have no funds." Because he failed to demonstrate a particularized need for the transcript, or present a substantial question, we find that the district court's denial of his request was proper. See Jones, 460 F.2d at 152.
 
 
 13
 Accordingly, we affirm the district court's entry of judgment against Gholson in No. 94-6226, the district court's denial of Gholson's motion for a new trial in No. 94-6316, and the district court's denial of Gholson's request for a trial transcript at Government expense in No. 94-6552. We further deny Gholson's motion for leave to file a supplemental informal brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The other named Defendants were dismissed from the case by the district court's earlier orders
 
 
 [2]
 In response to a motion filed by Defendants, the district judge granted partial summary judgment on August 5, 1993. The district court failed to send to this Court Gholson's appeal of this partial dismissal. See Liles v. South Carolina Dep't of Corrections, 414 F.2d 612, 614 (4th Cir.1969). However, we have reviewed that order pursuant to Equipment Fin. Group, Inc. v. Traverse Computer Brokers, 973 F.2d 345, 347 (4th Cir.1992), and found the issues meritless