United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 15, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 06-30804
Summary Calendar

RAVIN STEVENSON CARRIER,

Plaintiff-Appellant,

versus

VETERANS LIFE INSURANCE COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
(No. 2:05-CV-1509)

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ravin Carrier ("Carrier") appeals from the district court's grant of summary judgment. We

affirm.

---

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

I. FACTUAL AND PROCEDURAL BACKGROUND

Veterans Insurance Company ("Veterans") issued accidental death insurance to James B. Stevenson ("Stevenson") in the amount of $200,000. Stevenson named his daughter Carrier as the sole beneficiary. The policy includes an intoxication provision that states that no benefit shall be paid for death "caused by or resulting from . . . a blood alcohol level of .10% (by weight or volume) or higher, or acting under the influence or effects of any alcohol." Stevenson died on July 26, 2004, after a fall down a flight of stairs. Carrier concedes that Stevenson was intoxicated at the time of his fall but argues that his blindness and unfamiliarity with his surroundings were the primary cause of his fall. When Stevenson arrived at the hospital after his fall, his blood was tested, showing a blood alcohol level of .26%. Carrier filed suit seeking payment of the accidental death benefits. Veterans moved for summary judgment, contending that it was not required to pay the benefits because of Stevenson's intoxication. The district court granted summary judgment in Veterans' favor.

II. DISCUSSION

This court reviews the grant of summary judgment de novo. *Schneider v. Nat'l Transp. v. Ford Motor Co.*, 280 F.3d 532, 536 (5th Cir. 2002). The moving party is entitled to summary judgment as a matter of law when the pleadings and affidavits establish that there are no genuine issues of material fact left to resolve. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). In Louisiana, an alcohol exclusion operates where the insurance company demonstrates by a preponderance of the evidence that the insured was intoxicated to the point that his mental and physical faculties were affected and that the intoxication was a contributing cause of the accident. *Ober v. CUNA Mut. Soc'y*, 645 So.2d 231, 236 (La. Ct. App. 1994); *Matthews v. All Am. Assurance Co.*, 226 So.2d 181, 183 (La. Ct. App. 1969). The first element here is satisfied by Carrier's

concession that her father was intoxicated at the time of his accident. Carrier contends, however, that Stevenson's blindness and his lack of familiarity with his surroundings were the cause of his accident rather than his intoxication. She argues that this is a remaining genuine issue of material fact that should be left for jury determination. Veterans need only prove that Stevenson's intoxication was a contributing factor to his accident by a preponderance of the evidence. *See Moore v. Central Am. Life Ins. Co.*, 535 So.2d 773, 776 (La. Ct. App. 1988). We hold that the testimony of Veterans' expert witness, Dr. Gary Wimbish, that Stevenson's level of intoxication impaired his faculties and contributed to his death is sufficient to meet this burden and to entitle Veterans to summary judgment as a matter of law.[1]

### III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

---

[1] We do not consider Appellant's challenge to the admission of evidence. Carrier did not object to this evidence before the district court, and we decline to review it on appeal. Fed. R. Evid. 103(a)(1); *Capital Marine Supply, Inc. v. Thomas*, 719 F.2d 104, 106 n.2 (5th Cir. 1983).