Clifford A. STINEBOWER, Administrator
of the Estate of Dian Mae Stinebower,
Deceased, Plaintiff-Appellant,

v.

Andrea SCALA, Defendant-Appellee.

No. 14423.

United States Court of Appeals
Seventh Circuit.

May 1, 1964.

Joseph H. Horwich, Chicago, Ill., for plaintiff-appellant.

Wyatt Jacobs, Jacobs & McKenna, Chicago, Ill. (Barry L. Kroll, Chicago, Ill., of counsel), for defendant-appellee.

Before HASTINGS, Chief Judge, and CASTLE and SWYGERT, Circuit Judges.

HASTINGS, Chief Judge.

This is a diversity action brought by Clifford A. Stinebower, as administrator of the estate of Dian Mae Stinebower, deceased (appellant), against Andrea Scala, defendant (appellee),[1] seeking recovery of damages for a wrongful death arising out of a collision between two automobiles. Following a trial by jury, a verdict was returned in favor of defendant and judgment for defendant was rendered thereon. Plaintiff appeals from this adverse judgment.

Plaintiff claims error in the denial of his motion for a new trial.

There is little dispute as to the material facts surrounding the automobile collision in controversy. Viewing the evidence in the light most favorable to defendant, the prevailing party below, the jury would have been warranted in finding that the following occurrence took place.

On December 3, 1960, Gary Twitchell drove his Buick automobile away from his home in Grand Ledge, Michigan on his way to Chicago, Illinois. Traveling with him in his car were his sister, Joyce Kaminski, age 21 years, and his girl friend, Dian Mae Stinebower (plaintiff's decedent), age 18 years. Gary drove his car from home to a rest stop on the Indiana Toll Road. At that point, Gary got into the back seat of his car, lay down and dozed off to sleep. Joyce began driving

1. A codefendant, Dr. Ralph A. Scala, was dismissed from the case on motion of plaintiff at the close of plaintiff's case in chief.

and Dian was seated in the front seat with her. The Buick proceeded west on the Indiana Toll Road toward Chicago.

At about 6:30 o'clock that evening, Andrea Scala, defendant, was driving her father's Cadillac automobile west on the Indiana Toll Road on her way to Chicago. Riding with her in the front seat was Mrs. Mary Williams Grow. It was dark and the highway was dry.

At a point in LaPorte County, Indiana, Andrea was driving the Cadillac west in the left lane of the two-lane westbound part of the Toll Road at a speed of approximately 60 to 65 miles per hour. While driving the Buick west and without sounding a warning, Joyce passed the Cadillac on the *left* (south) *shoulder of the highway,* traveling at a speed of approximately 80 to 85 miles an hour. The Buick was swerving ("fishtailing") as it passed the Cadillac and careened across the highway in front of the Cadillac. The Buick struck the guardrail on the outside edge of the right shoulder of the highway, swerved back across the highway in front of the Cadillac and the two cars violently collided.

As a result of injuries received in this collision, Dian died at the scene of the accident and Joyce died shortly thereafter. The complaint charges the death of plaintiff's decedent was caused by the negligent driving of the Cadillac by defendant, Andrea Scala.

On appeal, plaintiff charges the trial court erred in denying his motion for a new trial on eight of the several grounds asserted therein.[2]

The notice of appeal filed by plaintiff states that he "hereby appeals from the order (judgment) heretofore entered * * * overruling and denying plaintiff's motion for a new trial * * *."

■ The assignment of error in denying a motion for a new trial does not justify a lengthy discussion in this appeal. It is well settled that the disposition of a motion for a new trial rests within the sound discretion of the trial court. It is not subject to review by this court, except upon exceptional circumstances showing a clear abuse of discretion. Conney v. Erickson, 7 Cir., 317 F.2d 247, 248 (1963); Hardware Mutual Casualty Company v. Chapman, 7 Cir., 272 F.2d 614, 617 (1960); Bucher v. Krause, 7 Cir., 200 F.2d 576 (1953), cert. denied, 345 U.S. 997, 73 S.Ct. 1141, 97 L.Ed. 1404; Jennings v. Murphy, 7 Cir., 194 F.2d 35, 38 (1952); United States v. Holt, 7 Cir., 108 F.2d 365, 369 (1940).[3]

Under the factual situation hereinbefore set out, there is literally no showing of actionable negligence on the part of defendant. On the other hand, we have a strong conviction that plaintiff's decedent died as a direct result of the negligence of the driver of the car in which she was a passenger.

■ Further, the general conclusions assigned as error in the motion for a new trial are vague, indefinite and lack the specificity required by Rule 7(b) (1) of

**2.** "3. The Court erred in striking portions of plaintiff's complaint, after issue joined, and before the close of all the evidence in the case.

"4–a. The Court erred in admitting evidence which should have been excluded.

"7. The Court erred in rejecting certain instructions tendered on behalf of the plaintiff, in writing.

"8. The Court erred in giving certain instructions on behalf of the defendant, in writing.

"9. The charge of the Court on the law applicable to the facts in the case was orally given and misleading and confusing to the jury.

"10. The conduct of counsel for the defendant in the defense of the defendant, Andrea Scala, was prejudicial.

"11. The reference of counsel for the defendant to the contents of documents not admissible in evidence was highly prejudicial to the plaintiff.

"12. The argument of counsel for the defendant was not based upon the evidence in the case, to the prejudice of the plaintiff."

**3.** Cf. Klotz v. Sears, Roebuck & Co., 7 Cir., 267 F.2d 53 (1959), cert. denied, 361 U.S. 877, 80 S.Ct. 141, 4 L.Ed.2d 114; Goff v. Sears, Roebuck and Company, 7 Cir., 257 F.2d 418 (1958), cert. denied 358 U.S. 931, 79 S.Ct. 318, 3 L. Ed.2d 303.

the Federal Rules of Civil Procedure, 28 U.S.C.A., which states that motions "* * * shall state with particularity the grounds therefor * * *."

A review of the issues sought to be raised in plaintiff's motion for a new trial, as delineated by the parties in their respective briefs, leads us to conclude that the trial court did not abuse its discretion in denying such motion.

Finding no manifest error in the trial below and that the jury was amply justified in returning a verdict for defendant, the judgment appealed from is affirmed.

Affirmed.