**Doug ROY, Jr., Individually, et al.,
Plaintiffs-Appellants,**

v.

**VOLKSWAGENWERK AKTIENGE-
SELLSCHAFT, a German
corporation, et al., Defendants-Appellees.**

No. 85-5587.

United States Court of Appeals,
Ninth Circuit.

Aug. 23, 1985.

Designated for Publication Nov. 29, 1985.

See also, 600 F.Supp. 653.

David M. Harney, James J. Pagliuso, Los Angeles, Cal., Barry R. Levy, Andrew Chang, Horvitz & Levy, Encino, Cal., for plaintiffs-appellants.

Robert E. King, Bakersfield, Cal., Herzfeld & Rubin, Richard L. Ackerman, Michael A. Zuk, Joseph D. Tuchmayer, Seymour W. Croft, Los Angeles, Cal., for defendants-appellees.

Before WRIGHT, HUG and HALL, Circuit Judges.

PER CURIAM:

Appellees made a timely motion for new trial within ten days after the judgment under Rule 59(b) of the Federal Rules of Civil Procedure. The ground specified was the insufficiency of the evidence to support the verdict. Petitioners argue that that basis for the motion was not advanced with sufficient particularity. A later document, filed after the ten-day period, furnished the detailed arguments. The initial motion was adequate to preserve the jurisdiction of the district court to rule on the motion. The later document was not an amendment advancing a new ground but, rather, it was an exposition of the original ground specified. Even if the later doc-

ument were considered to be an amendment, such would be permitted. *Pogue v. International Industries, Inc.*, 524 F.2d 342 (6th Cir.1975). 6A Moore's Federal Practice ¶ 59.09(2) at 59–204–209.

The district judge granted the motion on the ground of the insufficiency of the evidence to support the verdict, which was the ground specified in the appellees' motion, and thus in full compliance with Rule 59(b). However, even had the ground of his order varied from that specified in appellees' motion, Rule 59(d) specifically provides that the judge is free to grant the motion for a reason not stated in the original motion, provided he gives the parties notice and an opportunity to be heard on the matter. *See* 11 Wright and Miller, Practice and Procedure, Civil § 2813. The parties had an adequate opportunity to address, in briefs and at the hearing, the sufficiency of the evidence.

The district court had jurisdiction to grant the new trial under Rule 59 and that order, being an interlocutory order, is not appealable under 28 U.S.C. § 1291.

Appellants' petition for rehearing and suggestion for rehearing en banc of the April 18, 1985 order dismissing the appeal are rejected.