**Cynthia A. FORRESTER, Plaintiff–Appellant,**

v.

**Judge Howard Lee WHITE, Defendant–Appellee.**

No. 84–1823.

United States Court of Appeals, Seventh Circuit.

May 5, 1988.

---

**30**

John D. Lynn, South Roxana, Ill., for plaintiff-appellant.

Imelda Terrazino, Asst. Atty. Gen., Chicago, Ill., for defendant-appellee.

Before ESCHBACH, POSNER, Circuit Judges, and TIMBERS, Senior Circuit Judge.*

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM.

This case comes before us again on remand from the Supreme Court, —— U.S. ——, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988). In this suit for damages under 42 U.S.C. § 1983, a former probation officer charged her employer, a state-court judge, with demoting and discharging her because of her sex. The procedural background and facts of this case were discussed fully in *Forrester v. White*, 792 F.2d 647 (7th Cir.1986), such that we will only expound those aspects of the case relevant to the specific issue before us. On remand, we must de-

* The Honorable William H. Timbers, Senior Circuit Judge for the Second Circuit, sitting by designation.

termine whether the district court correctly granted the respondent's motion for a new trial.

The respondent, Howard Lee White, served as a Circuit Judge of the Seventh Judicial Circuit of the State of Illinois and Presiding Judge of the Circuit Court in Jersey County. Acting as a designee of the Chief Judge of the Seventh Judicial Circuit, White was authorized under Illinois law to appoint and dismiss juvenile probation officers at his pleasure.

Judge White hired Cynthia A. Forrester as an adult and juvenile probation officer in April 1977. In July 1979, Judge White appointed Forrester as Project Supervisor of the Jersey County Juvenile Court Intake and Referral Services Project, a position of greater responsibility. He demoted Forrester in the summer of 1980, and ultimately discharged her on October 1, 1980.

Forrester brought this action against White in the district court, alleging that her demotion and dismissal violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1983. The jury found for Forrester on her § 1983 claim, concluding that Judge White had discriminated against her in violation of the Equal Protection clause of the Fourteenth Amendment, and awarded her $81,818.80 in compensatory damages. During the trial proceedings, Forrester's Title VII claim was dismissed.

The district court denied Judge White's motion for judgment notwithstanding the verdict, but granted his motion for a new trial. The magistrate who tried the case held that the jury verdict was against the weight of the evidence, that the damages awarded were excessive, and that proper jury instructions on the Equal Protection claim were not given. Judge White subsequently moved for summary judgment, claiming that he had absolute judicial immunity from a civil damages suit. The district court granted this motion, and Forrester appealed.

On appeal this Court, with Judge Posner dissenting, affirmed the district court's grant of summary judgment. Judges may be accorded immunity for certain acts taken within the scope of their judicial authority. We concluded that because Forrester performed duties "inextricably tied" to Judge White's judicial functions, 792 F.2d at 657, Judge White acted in a judicial capacity when he demoted and dismissed Forrester. Accordingly, we affirmed the district court's grant of summary judgment, and found it unnecessary to rule on the district court's grant of the motion for a new trial. However, in light of the Supreme Court's recent determination that the respondent does not have absolute judicial immunity, we must now decide whether Judge White is entitled to a new trial.

 Appellate review of a district court's order for a new trial is limited. Because the trial judge is uniquely situated to rule on such a motion, the trial court has great discretion in determining whether to grant a new trial. *See Davis v. FMC Corp.*, 771 F.2d 224, 233 (7th Cir.1985); *Juneau Square Corp. v. First Wisconsin National Bank*, 624 F.2d 798, 806 (7th Cir.), *cert. denied*, 449 U.S. 1013, 101 S.Ct. 571, 66 L.Ed.2d 472 (1980). In determining whether a new trial is warranted, the trial judge must decide if the verdict is against the weight of the evidence, the damages are excessive, or if for other reasons the trial was not fair to the moving party. *See General Foam Fabricators, Inc. v. Tenneco Chemicals, Inc.*, 695 F.2d 281, 288 (7th Cir.1982); *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251, 61 S.Ct. 189, 194, 85 L.Ed. 147 (1940). Upon review by this Court, the trial judge's grant or denial of a motion for a new trial will not be overturned "except where exceptional circumstances show a clear abuse of discretion." *Spanish Action Committee v. Chicago*, 766 F.2d 315, 321 (7th Cir.1985). *See also General Foam Fabricators, Inc. v. Tenneco Chemicals, Inc.*, 695 F.2d at 288 (citing *Stinebower v. Scala*, 331 F.2d 366, 367 (7th Cir.1964)).

Although the district court found three different bases on which to grant a new trial, we need only determine if any single basis exists upon which the order may be supported. "If a single ground supports the new trial order, it is not reversible."

*Juneau Square Corp.*, 624 F.2d at 809. Our careful examination of the record indicates that the trial judge did not abuse his discretion when he concluded that the jury verdict was against the weight of the evidence on Forrester's § 1983 claim. Hence, we will not consider the other two grounds upon which the trial judge determined that a new trial was required.

 The district court found that the jury verdict was based on evidence solely pertaining to the alleged Title VII violation. However, the parties had stipulated that the Title VII claim was to be dismissed. Thus, the petitioner was obliged to support her § 1983 claim based on alleged violations of the Equal Protection clause. Under Title VII, the petitioner must prove that she was discriminated against through disparate treatment based on an impermissible factor, or disparate impact of a neutral practice on a protected group. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05, 93 S.Ct. 1817, 1824–26, 36 L.Ed.2d 668 (1973); *International Bhd. of Teamsters v. United States*, 431 U.S. 324, 335–36 & n. 15, 97 S.Ct. 1843, 1854–55 & n. 15, 52 L.Ed.2d 396 (1977); *Griggs v. Duke Power Co.*, 401 U.S. 424, 429–32, 91 S.Ct. 849, 853–54, 28 L.Ed.2d 158 (1971). In an Equal Protection claim, the petitioner faces the tougher standard of proving purposeful and intentional acts of discrimination based on her membership in a particular class, not just on an individual basis. *See generally Washington v. Davis*, 426 U.S. 229, 242, 96 S.Ct. 2040, 2049, 48 L.Ed.2d 597 (1976); *Arlington Heights v. Metropolitan Housing Dev. Corp.*, 429 U.S. 252, 265, 97 S.Ct. 555, 563, 50 L.Ed.2d 450 (1977); *Personnel Administrator of Massachusetts v.*

*Feeney*, 442 U.S. 256, 279, 99 S.Ct. 2282, 2296, 60 L.Ed.2d 870 (1979).

 The magistrate concluded that the evidence presented by the petitioner failed to satisfy the lower burden of proof required under Title VII because Forrester failed to show disparate treatment. The district court found that Judge White had several legitimate, non-discriminatory reasons to dismiss the petitioner. Forrester was unable to manage her subordinate employee and complained frequently to the respondent about this subordinate. However, she refused to take steps to ameliorate the situation, and would not dismiss this employee for fear of tainting her record as a supervisor. Moreover, in spite of the respondent's objections, Forrester insisted on taking compensatory time off to which she was not entitled. Since Forrester did not satisfy the lower burden of proof required under Title VII, the trial judge axiomatically concluded that she failed to satisfy the tougher burden of proof required under the Equal Protection clause.

We conclude that the trial judge did not abuse his discretion when he granted Judge White's motion for a new trial. Although the Supreme Court left open the availability of qualified immunity as a defense for the respondent, it expressly declined to decide the issue. It is not clear to us whether the respondent raised the defense of qualified immunity in the lower court, since the terms "absolute immunity" and "judicial immunity" were used interchangeably throughout the record. We leave it to the discretion of the district court on remand to determine whether the respondent may now raise that defense, and if so, the validity thereof.[1] This case is

---

1. While the question presented here is whether the right allegedly violated was clearly established at the time that Judge White dismissed Forrester, *see Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), we note that the question in the context of this case may be a substantially narrower one. The Supreme Court has recently stated that "the right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that

what he is doing violates that right." *Anderson v. Creighton*, —— U.S. ——, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). In a similar vein, this Court noted earlier:

The words 'clearly established ... constitutional rights' may not be used to read the defense of immunity out of federal tort law by the facile expedient of stating constitutional rights in the most general possible terms, so that anyone who prevails on the merits of a claim based on (for example) the First Amendment's free exercise of religion clause ... can defeat the defense of immunity sim-

remanded to the district court for such proceedings as are appropriate.

REVERSED AND REMANDED.

ply by pointing out that the right to the free exercise of one's religion has long been a clearly established constitutional right. The right must be sufficiently particularized to put potential defendants on notice that their conduct probably is unlawful. *Azeez v. Fairman*, 795 F.2d 1296, 1301 (7th Cir. 1986).

In Forrester's case, the relevant issue is whether it was clearly established at the time of Forrester's dismissal that a judicial officer's discharge of a female probation officer violated the established law regarding sex-discrimination. We, of course, cannot and do not reach that issue here.