REGISTRATION CONTROL SYSTEMS, INC., Appellant,

v.

COMPUSYSTEMS, INC., Appellee.

No. 90–1213.

United States Court of Appeals, Federal Circuit.

Dec. 20, 1990.

Harold E. Wurst, Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst, Los Angeles, Cal., argued, for appellant. With him on the brief was Jai Ho Rho, Los Angeles, Cal.

Charles G. Call, Allegretti & Witcoff, Ltd., Boston, Mass., argued, for appellee. Bradley J. Hulbert, Allegretti & Witcoff, Ltd., Chicago, Ill., of counsel.

Before ARCHER, PLAGER and CLEVENGER, Circuit Judges.

CLEVENGER, Circuit Judge.

Registration Control Systems, Inc. ("Registration"), appeals the summary judgment declaring the claims of U.S. Patent No. 4,233,661 ("661") invalid for obviousness. *Registration Control Sys., Inc. v. Compusystems, Inc.*, No. 83–C–3516, 1988 WL 112224 (N.D.Ill. Jan. 20, 1990). We vacate and remand for factual determinations on a jurisdictional issue.

I

Registration, the assignee of the patent-in-suit, filed a complaint in 1983 alleging infringement by Compusystems, Inc. ("Compusystems"). After mutual consent to a trial presided over by a Magistrate, with infringement conceded, the jury returned a verdict form that found the 661 claims "valid," the amount of damages to be $3 million, and infringement to be wilful. Judgment on the jury verdict was entered on November 21, 1988. On November 30, 1988, nine days after entry of judgment, Compusystems filed a motion for a new trial that stated in full:

Defendant, CompuSystems, submits that the verdict resulting from the trial by jury in the above-identified action is against the manifest weight of the evidence. Accordingly, pursuant to Federal Rule of Civil Procedure 59, CompuSystems moves for a new trial on all issues.

CompuSystems has not yet received a complete transcript for the trial. CompuSystems will file a memorandum in support of the present motion for a new trial upon receipt and review of the complete transcript. Thus, CompuSystems requests the Court's leave to file its supporting memorandum on or before December 21, 1988.

In due course, the Magistrate received extensive memoranda in support of, and in opposition to, the motion for a new trial, and on July 20, 1989, the motion was granted. Shortly thereafter, Compusystems filed a motion for summary judgment contending that the claims were invalid, as a matter of law, under § 103, which the Magistrate granted.

II

On appeal, Registration contends for the first time that Compusystems' motion for a new trial was fatally defective under Federal Rule of Civil Procedure 7, which requires motions to "state with particularity the grounds therefor, and ... set forth the relief or order sought." Registration argues that "against the manifest weight of the evidence" as the grounds of the instant motion lacks particularity and that a prayer for a new trial "on all issues" is legally insufficient. Registration thus asserts that the Magistrate lacked jurisdiction to hear both Compusystems' motion for new trial and its consequently untimely motion for summary judgment.

In response, Compusystems contends that its motion for a new trial was sufficiently particular to place Registration on notice of the relief sought and the particular grounds upon which Compusystems relied, and therefore was legally sufficient. Alternatively, Compusystems contends, citing *Roy v. Volkswagenwerk–Aktiengesellschaft*, 781 F.2d 670 (9th Cir.1985) for sup-

port, that the timely-filed new trial motion acted to preserve the jurisdiction of the district court to rule on the basis of detailed argument presented in the later-filed memorandum in support of the motion.

In the alternative, Registration argues on the merits that (1) the Magistrate abused his discretion in granting a new trial, (2) that the issue of "obviousness" of claim 2 of the 661 patent had been waived by Compusystems during trial, and (3) that the Magistrate erred as a matter of law in deciding on summary judgment that the claims were invalid for obviousness. Compusystems vigorously asserts the contrary on each point.

### III

We agree that the issue before us is jurisdictional. If Compusystems' original motion for a new trial was not sufficiently particular or did not have the effect of preserving the district court's jurisdiction to act on the basis of a later-filed memorandum that is conceded to be particular, the Magistrate could not have retained jurisdiction to enter final summary judgment and we would not have jurisdiction to hear an appeal filed 22 days after entry of that judgment. Under the Federal Rules, an untimely post-judgment motion can "not toll the running of the time to appeal" and therefore the appellate court "lack[s] jurisdiction to review the [subsequent] order." *Browder v. Director, Dep't of Corrections,* 434 U.S. 257, 265, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1977). As the issue is jurisdictional to us, Registration cannot be charged with having waived the argument by failing to raise it prior to briefing in this appeal as it is black letter law that parties may not waive a defect in jurisdiction by consent. *See Pennsylvania v. Union Gas Co.,* 490 U.S. 920, 109 S.Ct. 2273, 2287, 105 L.Ed.2d 1 (1989) (Stevens, J., concurring).

The exact issue before us is whether the District Court retained jurisdiction under its procedural rules to decide the motion for summary judgment. When considering issues not specific to our statutory jurisdiction, we have followed the law of the re-

gional circuit, here the Seventh Circuit. *Atari, Inc. v. JS & A Group, Inc.,* 747 F.2d 1422, 1438–40, 223 USPQ 1074, 1086–87 (Fed.Cir.1984) (in banc) (copyright infringement); *United States v. One 1979 Cadillac Coupe de Ville,* 833 F.2d 994, 997–98 (Fed. Cir.1987) (Tucker Act); *Sun–Tek Ind. v. Kennedy Sky–Lites, Inc.,* 856 F.2d 173 (Fed.Cir.1988) (finality of order reducing supersedeas bond). In their briefs and at oral argument, the parties conceded, and we agree, that there is no controlling precedent from either the Supreme Court or the Seventh Circuit construing the parameters of Rule 7's requirement for particularity or indicating whether a timely motion for a new trial, failing in particularity, can preserve the district court's jurisdiction to measure the legal adequacy of the motion by a later-filed, detailed elaboration of the ground for the motion.

### IV

A motion for a new trial is included among the four motions that operate to toll the time for filing an appeal. Fed.R.App.P. 4(a)(4). Fed.R.Civ.P. 59 sets forth the grounds for a motion for a new trial:

(a) **Grounds.** A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States....

The substantive requirements that define the contents of any motion are found in Rule 7(b)(1) which requires that "[a]n application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought."

The purpose of the particularity requirement in Rule 7 is to afford notice of the grounds and prayer of the motion to both the court and to the opposing party, providing that party with a meaningful opportunity to respond and the court with enough information to process the motion correctly. Wright and Miller state that the issue is whether any party is prejudiced by

a lack of particularity or "whether the court can comprehend the basis for the motion and deal with it fairly." 5 Wright & Miller, *Federal Practice and Procedure* § 1192, 42 (1990). Professor Moore notes that "[t]he particularity requirement is flexible, however, and non-particularized motions have been allowed where the opposing party knew or had notice of the particular grounds being relied upon." 2A Moore's *Federal Practice* ¶ 7.05, 7–16 (1990). "And while barren assertions such as 'contrary to law' and 'not sustained by the evidence' are insufficient to circumvent compliance, reasonable specification is all that the requirement for particularity imposes." *Id.* (citations omitted).

Decisions on the particularity requirements illustrate flexibility in application of the rule and recognition of the peculiar circumstances of the case. For instance, in *Stinebower v. Scala,* 331 F.2d 366, 367 (7th Cir.1964), grounds such as "[t]he Court erred in striking portions of plaintiff's complaint," "[t]he Court erred in admitting evidence which should have been excluded," "[t]he Court erred in rejecting certain instructions tendered on behalf of the plaintiff," "[t]he Court erred in giving certain instructions on behalf of defendant," and "[t]he charge of the Court on the law applicable to the facts in the case was orally given and misleading and confusing to the jury," were held to be "vague, indefinite and lack[ing in] the specificity required by Rule 7(b)(1)." In *St. Mary's Hosp. v. Heckler,* 753 F.2d 1362, 1365 (7th Cir.1985), the Government's motion, identifying "two specific errors in reasoning" and requesting that the court "modify or clarify its remand order" was found both to set forth the relief requested and to state the grounds with sufficient particularity. In *United States v. 64.88 Acres of Land,* 25 F.R.D. 88, 89 (C.D.Pa.1960), a motion requesting a new trial because "[t]he verdict is excessive" was held to be "sufficient in and of itself to raise the issue as to whether the verdict may be permitted under the evidence." We conclude, and agree with Professor Moore, that it is a "motion's substance, and not merely its linguistic form, that determines its nature and legal effect." 2A Moore's *Federal Practice* ¶ 7.05, at 7–17 (1990).

■ However, as with other issues that raise questions about the underlying facts that establish jurisdiction, relevant facts must first be found by the trial court. *Reynolds v. Army and Air Force Exch. Serv.,* 846 F.2d 746 (Fed.Cir.1988) (remanding "to establish the jurisdictional facts" on nature of plaintiff's employment relationship). For instance, in a lengthy trial involving complicated and contradictory testimony, a motion requesting a new trial because the judgment was "against the manifest weight of the evidence" could plainly be inadequate to afford the opposing party an opportunity to respond, and similarly, might not sufficiently inform the court of the basis for the request. On the other hand, in a trial limited to a single contested issue and involving a small number of witnesses, such a motion might be completely adequate. Similarly, assessment of specific facts, such as the number of issues, claims or counterclaims in a case, and their complexity and interrelationships, if any, will have an impact upon whether a request for a new trial "on all issues" is sufficiently set forth to grant or deny the relief requested.

The trial court is uniquely equipped to assess facts underlying the adequacy of notice. As the court noted in *King v. Mordowanec,* 46 F.R.D. 474, 477 (D.R.I.1969), although plaintiffs' motion on its face lacked specificity, "in the context of this case, it can hardly be said that defense counsel was unaware of the specific grounds of the plaintiffs' motion." Similarly, in *DeLorenzo v. FDIC,* 268 F.Supp. 378, 381 (S.D.N.Y.1967), the court decided that, "in light of the peculiar circumstances of the case, [including] the notice afforded plaintiffs in defendant's reply memorandum, and the fact that plaintiffs answered defendant's argument in their reply memorandum so that no prejudice is shown," the motion was sufficiently particular under Rule 7(b).

■ Whether the words "against the manifest weight of the evidence" and "on all issues" satisfy Rule 7 must therefore necessarily depend upon factors peculiar to this case. Assessment of those factors is a

task best addressed first by the trial court. Only upon a review of a record disclosing such an assessment can an appellate court be sufficiently informed to determine if the grounds asserted for a new trial were stated with sufficient particularity to satisfy Rule 7.

■ Finally, the "authority to grant a new trial, moreover, is confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36, 101 S.Ct. 188, 191, 66 L.Ed.2d 193 (1980); *see also Forrester v. White*, 846 F.2d 29, 31 (7th Cir.1988). As Professor Moore has noted, a "motion for a new trial is addressed to the sound judicial discretion of the trial court. No rigid or fixed formula can or should prescribe how this principle is to be universally applied. The trial court, which has a feel for the case, should apply the principle so that substantial justice is done on the facts of the individual case." 6A Moore's *Federal Practice* ¶ 59.05[5], at 59–47, –51 (1990). Considering whether a motion for a new trial is sufficiently particular to afford notice to the trial judge, and the opposing party, of the basis for the requested order, is a matter uniquely committed to the discretion of the trial judge, subject to review for abuse of that discretion. We decline to perform the trial court's discretionary acts in the first instance. Therefore, in the absence of controlling Seventh Circuit authority, we read the case law to vest in the district court, in the first instance, the discretion to assess the particularity of a new trial motion on the basis of the individual circumstances of each case.

V

■ Finally, Compusystems urges that the Seventh Circuit would adopt the Ninth Circuit's liberal construction of the particularity requirement of Rule 7(b) as found in *Roy, supra*, that permits a later-filed memorandum to expand upon a ground expressly stated in a timely but informationally-inadequate notice of filing of a motion. We note, however, that in *Martinez v. Trainor*, 556 F.2d 818, 821 (7th Cir.1977), involving a closely-related procedural issue, the Seventh Circuit declined "to adopt the

reasoning of the ... Ninth Circuit" that permitted "informally drawn papers and informally labelled documents" which stated no grounds for a new trial nevertheless to qualify as a legally sufficient motion for a new trial and thus suffice to stay the time for filing a notice of appeal. There, the court noted that such an approach would "open this Court to a barrage of late filed but well-intended appeals." *Id.* In contrast to the Ninth Circuit, we read the Seventh Circuit to have construed the Federal Rules of Civil Procedure narrowly. *See Western Transportation Co. v. E.I. DuPont de Nemours & Co.*, 682 F.2d 1233, 1236 (7th Cir.1982) (later-filed memorandum with changed rationale for alteration of judgment held untimely). After oral argument in this case, it has become clear that the Seventh Circuit would not wholeheartedly embrace the rule in *Roy.* In *Varhol v. Nat'l R.R. Passenger Corp.*, 909 F.2d 1557 (7th Cir.1990) (en banc), the Seventh Circuit considered whether to overrule *Eady v. Foerder*, 381 F.2d 980 (7th Cir. 1967), a 23–year old precedent in which a district court had been held to have the power to consider an untimely motion for a new trial in the "unique circumstances" of that case. *Varhol* presented the same issue, whether an untimely but particular motion for new trial may be considered when the untimeliness was due to innocent reliance on the district court's express statement that the litigant could file its motion for a new trial later than the time permitted by Rule 59. This contrasts with *Roy* where the alleged legal insufficiency of the motion did not result from reliance on a district court's order. A majority of the Seventh Circuit was unable to answer the closer question in *Varhol*, which also involved a consideration of *stare decisis* not relevant to the current inquiry. *See Varhol*, 909 F.2d at 1568, 1571 n. 3. In light of the evenly-divided court, *Varhol* "makes it overly bold for us" to apply the rule and rationale of *Roy* in this case. 909 F.2d at 1562.

VII

We vacate the summary judgment and the order granting the new trial, and remand. Upon remand, the court should address in the first instance whether the mo-

tion for a new trial, in light of the peculiar facts of this case, was sufficiently particular, and whether the relief was set forth with sufficient clarity, and whether, therefore, it had jurisdiction to consider it. If so, the vacated orders may be re-entered. If not, the jury verdict must be reinstated.

VACATED and REMANDED.