935 F.2d 281
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
SUN PRODUCTS GROUP, INC., Plaintiff-Appellant,
v.
B & E SALES COMPANY, INC., Defendant-Appellee,
and
Perry Drug Stores, Inc., Defendant.
 No. 91-1092.
 United States Court of Appeals, Federal Circuit.
 May 30, 1991.
 
 Before ARCHER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 DECISION
 CLEVENGER, Circuit Judge.
 
 
 1
 Sun Products Group, Inc. ("Sun"), appeals from the final judgment of the United States District Court of the Eastern District of Michigan granting Sun damages from patent and trademark infringement committed by B & E Sales Co. ("B & E"), Inc. Sun Products Group, Inc. v. B & E Sales Co., No. 86-CV-73317 (E.D.Mich. Oct. 15, 1990). We affirm.
 
 OPINION
 
 2
 As a preliminary matter, we address B & E's contention that we lack jurisdiction over this appeal because it was not timely filed. Sun filed its only notice of appeal in the district court on November 13, 1990, less than thirty days after entry of judgment on October 15, 1990, as required by Fed.R.App.P. 4(a)(1). B & E contends that the time for filing an appeal was tolled under Fed.R.App.P. 4(a)(4) because of the filing of a post-trial motion on November 1, 1990. Although the motion identifies itself as filed under Rule 60, B & E styles this post-trial filing as under Fed.R.Civ.P. 59(e), as it must, for only then would the time for filing an appeal be tolled under Fed.R.App.P. 4(a)(4) and an early notice of appeal be rendered a nullity. See Fed.R.App.P. 4(a)(2). B & E must concede, given the actual filing of the notice of appeal on November 13, that if the motion was not under Rule 59(e), then the notice was timely since a Rule 60 motion does not toll the time for filing an appeal. Rule 59(e) motions must be filed within ten days of entry of the judgment, see Fed.R.Civ.P. 59, and Fed.R.Civ.P. 6(b) prohibits the district court from enlarging the time for filing a motion under Rule 59(e). Under Fed.R.Civ.P. 6(a), which governs the computation of time, any such motion, in order to be timely, would have had to have been filed before October 30, 1990. In short, if the motion had been under Rule 59(e), then the district court could not have considered it, see Registration Controls, Inc. v. Compusystems, Inc., 922 F.2d 805, 17 USPQ2d 1212 (Fed.Cir.1990), and therefore it would not have tolled the time for filing a notice of appeal. Thus, under either scenario, the notice of appeal was timely filed.
 
 
 3
 On the other procedural issue, Sun asserts that a memorandum opinion and order, entered after trial in November 1988 and allegedly granting Sun over $14 million in damages, was a final adjudication of the amount of damages and that the district court lacked jurisdiction to modify the calculation of damages, as it did in 1990. In the alternative, Sun contends that the Bankruptcy Court's lifting of a mandatory automatic stay entered under the Bankruptcy Code, 11 U.S.C. Sec. 362(a)(1) (1988), by operation of law, made the earlier adjudication final and either unappealable after thirty days or beyond substantive modification after 10 days. In any event, Sun contends that the modification of the calculation made the compensation insufficient and an abuse of discretion.
 
 
 4
 B & E, the debtor in the Chapter 7 proceeding and represented by Fred J. Dery, a trustee, responds on these issues and also asserts that Sun's appeal is frivolous under Fed.R.App.P. 38. Furthermore, B & E puts forward the contention that the appeal is an "exceptional case," entitling B & E to attorney's fees under 35 U.S.C. Sec. 285 (1988). In support of this latter proposition, B & E refers to dicta in Rohm & Haas Co. v. Crystal Chemical Co., 736 F.2d 688, 222 USPQ 97 (Fed.Cir.1984).
 
 
 5
 The district court entered a memorandum opinion and order on November 9, 1988. Fed.R.Civ.P. 58 requires that "[e]very judgment shall be set forth on a separate document" as was done when the district court entered the final order and a separate judgment on October 15, 1990. Not only did the district court not enter a judgment along with the November 1988 opinion, but the district court expressly entered an order staying judgment "until the Bankruptcy Court has taken appropriate action," stating "[n]othing in this Order or in the related docket entry shall be construed as constituting a dismissal of the issues or representing a final disposition of this cause." Sun Products Group, Inc. v. B & E Sales Co., No. 86-CV-73317-DT, Order Staying Judgment at 1-2 (E.D.Mich. Nov. 9, 1988).
 
 
 6
 Furthermore, even without the express absence of entry of a judgment, in recognition of Title 11 of the U.S.Code, the district court would have "possesse[d] no authority to grant relief from the automatic stay of proceedings" in any event. Cathey v. Johns-Manville Sales Corp., 711 F.2d 60, 63 (6th Cir.1983).
 
 
 7
 With regard to Sun's contention that the lifting of the stay by the Bankruptcy Court, In re B & E Sales Co., No. 88-05085-S, Order Granting Relief from Stay at 2 (Bankr.E.D.Mich. Apr. 9, 1990), ipso facto operated to "enter" a final judgment, we note that the actual order merely lifts a stay of the very action now appealed and states "[t]he automatic stay shall also be lifted for the presentation of any post-trial motions and possible appeals of that Judgment." Furthermore, the district court, in staying entry of judgment, had expressly stated that "[u]pon the termination of the stay of proceedings, any party to this controversy may initiate such proceedings herein...." To reopen the stayed cause of action, the court's order thus required an act by one of the parties to effect entry of judgment. Since there was no entry of final judgment until October 15, 1990, the district court could not possibly have been bound, by any Federal Rule, nor in any other form or fashion, by a preliminary statement of its views in its memorandum opinion.
 
 
 8
 We thus reach the merits of Sun's contention that the district court abused its discretion when it awarded Sun the full measure of Sun's actual damages from lost profits, both present and future, and thereby failing to award Sun double or multiple damages. In modifying its earlier views, the district court stated, first, that it had erred in calculating lost profits by double counting certain items, second, that the trademark damages had erroneously included damages that "had already been included in the award for patent infringement," and, third, that under the trademark infringement claim, the court now believed that its previous calculation had been "excessive and would constitute a penalty rather than compensation, if enforced." We note that only the trademark infringement was found to be wilful, a finding which neither party now disputes. While the Lanham Act permits, "unless the court finds extenuating circumstances," 15 U.S.C. Sec. 1117(b), trebling of damages for intentional trademark infringement, the district court here found that there were essentially no trademark damages independent of the damages for patent infringement. Furthermore, the district court lacked discretion to award any sum for the patent infringement less than the damages "adequate to compensate ... [for] the infringement." State Indus., Inc. v. Mor-Flo Indus., Inc., 883 F.2d 1573, 1577, 14 USPQ2d 1026, 1029 (Fed.Cir.1989). We therefore conclude that Sun has failed to demonstrate where in its calculations the district court abused its discretion in awarding Sun its actual sustained damages. We decline Sun's invitation to comment on its litigation strategy in response to its contention that the district court might have awarded enhanced trademark damages for wilful infringement of Sun's mark had Sun not asserted its right to patent infringement damages.
 
 
 9
 Finally, Fed.R.App.P. 38 provides that: "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." While a court of appeals is not precluded, by the plain language, from making such a determination on its own motion, we conclude that an assertion of frivolousness by an appellee requires more than the mere incantation of Rule 38. Hewlett-Packard Co. v. Olympus Corp., No. 91-1011, slip op. at 9 (Fed.Cir. May 2, 1991); Trojan, Inc. v. Shat-R-Shield, Inc., 885 F.2d 854, 857 (Fed.Cir.1989). Additionally, we note that Sun rightly points out that B & E has cited no dispositive legal or factual support for its contention that we should award attorney's fees to B & E for an exceptional appeal. We therefore affirm the judgment in its entirety.