# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of -- ) | |
| ) | |
| PROTEC GmbH ) | ASBCA Nos. 61161, 61162, 61185[1] |
| ) | |
| Under Contract Nos. W912CM-14-D-0007 ) | |
| W912CM-14-P-0008 ) | |

APPEARANCES FOR THE APPELLANT:     Paul D. Reinsdorf, Esq.
                                    Frankfurt, Germany

                                    Steven J. Kmieciak, Esq.
                                    Seyfarth Shaw LLP
                                    Washington, DC

APPEARANCES FOR THE GOVERNMENT:     Raymond M. Saunders, Esq.
                                    Army Chief Trial Attorney
                                    Dana J. Chase, Esq.
                                    Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE SWEET
## ON THE GOVERNMENT'S MOTIONS TO STRIKE

The Regional Contracting Office, Wiesbaden (government) moves to strike ASBCA Nos. 61161 and 61162 Complaint Count I on the grounds that we do not possess jurisdiction over that count because it seeks specific performance. Appellant PROTEC GmbH (PROTEC) argues that it does not seek specific performance. Because PROTEC is correct that it does not seek specific performance, the motion is denied as to ASBCA Nos. 61161 and 61162 Complaint Count I. The government also moves to strike ASBCA Nos. 61161 and 61162 Complaint Count III and ASBCA No. 61185 Complaint Count II on the grounds that we do not possess jurisdiction over those counts because they allege *quantum meruit* theories. PROTEC argues that we possess jurisdiction over its *quantum meruit* claims. Because the government is correct, the motion to strike ASBCA Nos. 61161 and 61162 Complaint Count III and ASBCA No. 61185 Complaint Count II is granted.

---

[1] ASBCA Nos. 61161 and 61162 are consolidated. However, ASBCA No. 61185 is a separate appeal. Nevertheless, because the issues raised in the motions to strike overlap, we have decided to issue one decision for all three appeals.

<u>STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTIONS</u>

*I. ASBCA Nos. 61161 and 61162*

1. On 28 September 2014, the government awarded Contract No. W912CM-14-D-0007 (0007 contract) to PROTEC, for the maintenance, inspection, and repair of fire alarm, fire suppression, and evacuation systems at the U.S. Army Garrison, Wiesbaden (R4, tab 1 at 4-8).

2. The 0007 contract stated that "[i]n compliance with [Federal Acquisition Regulation (FAR)] Subpart 42.15 'Contractor Performance Information', an evaluation of Contractor performance will be conducted at contract completion" (R4, tab 1 at 25). Under FAR Subpart 42.1503(b)(1), the "evaluation should reflect how the contractor performed. The evaluation should include clear relevant information that accurately depicts the contractor's performance."

3. On 26 October 2015, the contracting officer (CO) posted an initial evaluation on the Contractor Performance Assessment Reporting System (CPARS), which rated PROTEC as unsatisfactory in the areas of quality, schedule, management, and regulatory compliance (R4, tab 112).

4. The government also refused to pay some PROTEC invoices (R4, tab 115).

5. On 17 September 2016, PROTEC submitted a certified claim regarding the CPARS evaluation (R4, tab 114). Then on 23 September 2016, PROTEC submitted a certified claim in the amount of €143,615.92 for the unpaid invoices (R4, tab 115).

6. On 6 February 2017, the CO issued a final decision (COFD) addressing the CPARS evaluation and unpaid invoice claims together. The COFD corrected one error in the CPARS evaluation,[2] but otherwise denied the claims. (R4, tab 122 at 7-8)

7. PROTEC timely appealed the COFD to the Board.

8. In its ASBCA Nos. 61161 and 61162 complaint, PROTEC alleges three counts (compl. ¶¶ 67-82).

9. Count I is entitled "Unreasonable Ratings in CPARS" (compl. at 11). It alleges that the CPARS ratings were unreasonable because they contain inaccurate information. As a result, PROTEC seeks an order remanding the appeal to require the

---

[2] In particular, the original CPARS evaluation incorrectly indicated that that the termination type was "default." The COFD corrected that evaluation to indicate that the termination type was "none." (R4, tab 122 at 7-8)

CO to provide PROTEC with a fair and accurate performance evaluation by asking that we order the government to "revisit the evaluations." (*Id.* ¶¶ 71-72)

10. Count II is entitled "Payment for Work Performed in Accordance with the Contract" (compl. at 12). It seeks damages for the government's failure to pay the invoices (*id.* ¶ 78).

11. Count III is entitled "Quantum Meruit" (compl. at 13). It alleges that PROTEC is entitled to payment for the reasonable value of services and parts received by the government. The ASBCA Nos. 61161 and 61162 complaint does not allege that the government claimed that the 0007 contract was illegal or void. (*Id.* ¶ 79)

*II. ASBCA No. 61185*

12. On 20 December 2013, the government awarded Contract No. W912CM-14-P-0008 (0008 contract) to PROTEC, for the maintenance and repair of electronic doors, gates, scanners, sauna compact system and electric/hydraulic barriers, and bollards, also at U.S. Army Garrison, Wiesbaden (R4, tab 3).

13. The government refused to pay some PROTEC invoices (R4, tab 119).

14. PROTEC then submitted a certified claim in the amount of €141,827.88 for the unpaid invoices (R4, tab 198).

15. On 28 February 2017, the CO issued a COFD denying the claim (R4, tab 199 at 7-9).

16. PROTEC timely appealed the COFD to the Board.

17. In its ASBCA No. 61185 complaint, PROTEC alleges two counts (compl. ¶¶ 48-54).

18. Count I is entitled "Payment for Work Performed in Accordance with the Contract" (compl. at 9). It seeks damages for the government's failure to pay the invoices (*id.* ¶ 50).

19. Count II is entitled "Quantum Meruit" (compl. at 13). It alleges that PROTEC is entitled to payment for the reasonable value of services and parts received by the government. The ASBCA No. 61185 complaint does not allege that the government claimed that the 0008 contract was illegal or void. (*Id.* ¶ 51)

## DECISION

On the one hand, we possess jurisdiction over ASBCA Nos. 61161 and 61162 Complaint Count I because it does not seek specific performance. The government is correct that we do not possess jurisdiction to order an agency to revise a CPARS rating.

3

*MicroTechnologies, LLC*, ASBCA Nos. 59911, 59912, 15-1 BCA ¶ 36,125 at 176,348; *Colonna's Shipyard, Inc.*, ASBCA No. 56940, 10-2 BCA ¶ 34,494 at 170,139; *Versar, Inc.*, ASBCA No. 56857, 10-1 BCA ¶ 34,437 at 169,953. However, we may remand a matter to require a CO to follow applicable regulations and provide appellant with a fair and accurate performance evaluation. *Id.* Here, by seeking an order that the Army "revisit the evaluation," ASBCA Nos. 61161 and 61162 Complaint Count I merely seeks an order remanding the appeal to require the CO to provide PROTEC with a fair and accurate performance evaluation (SOF ¶ 9). Therefore, we possess jurisdiction over ASBCA Nos. 61161 and 61162 Complaint Count I.

On the other hand, we do not possess jurisdiction over ASBCA Nos. 61161 and 61162 Complaint Count III or ASBCA No. 61185 Complaint Count II because they allege *quantum meruit* theories. "[T]his Board generally does not have jurisdiction to grant relief to a party who sues to recover compensation on a quantum meruit basis, which is an action on a contract implied in law." *Cousins Contracting, Inc.*, ASBCA No. 50382, 97-1 BCA ¶ 28,906 at 144,111; *see also Int'l Data Products Corp. v. United States*, 492 F.3d 1317, 1325-26 (Fed. Cir. 2007); *Honeywell Int'l, Inc.*, ASBCA No. 57779, 15-1 BCA ¶ 36,121 at 176,340. There is an exception to that general rule when the government seeks to avoid payment on the grounds that a contract is illegal or void *ab initio*. *Id.* Here, ASBCA Nos. 61161 and 61162 Complaint Count IIII and ASBCA No. 61185 Complaint Count II seek recovery on a *quantum meruit* basis (SOF ¶¶ 11, 19). Moreover, they do not allege that the government claimed that the contracts were illegal or void (*id.*). Therefore, we do not possess jurisdiction over ASBCA Nos. 61161 and 61162 Complaint Count III or ASBCA No. 61185 Complaint Count II.

PROTEC argues that the motions to strike are untimely. Because the government's motions address our jurisdiction, that issue cannot be waived by any failure to raise it on time. *See Registration Control Sys., Inc. v. Compusystems, Inc.*, 922 F.2d 805, 807 (Fed. Cir. 1990). Therefore, the motions to strike for lack of jurisdiction are timely.

PROTEC also argues that the motions to strike are not the proper way to seek dismissal of the appeals. However, the government is not seeking to dismiss the appeals. Rather, it requests that we strike certain counts of the complaints. (ASBCA Nos. 61161, 61162, gov't mot. at 12; ASBCA No. 61185, gov't mot. at 16) A motion to strike is the appropriate vehicle through which to seek such relief. *See, e.g., Mitch Moshtaghi*, ASBCA No. 53711, 03-2 BCA ¶ 32,274 at 159,669.

4

## CONCLUSION

The motion to strike is denied as to ASBCA Nos. 61161 and 61162 Complaint Count I. The motion to strike is granted as to ASBCA Nos. 61161 and 61162 Complaint Count III and ASBCA No. 61185 Complaint Count II for lack of jurisdiction.

Dated: 30 May 2018

*James R. Sweet*

JAMES R. SWEET
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 61161, 61162, 61185, Appeals of PROTEC GmbH, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals