**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 9 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL LEWIS; et al., | No. 17-56346 |
| Plaintiffs-Appellants, | D.C. No. 3:13-cv-02818-H-JMA |
| v. | |
| COUNTY OF SAN DIEGO; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

| | |
|---|---|
| MICHAEL LEWIS; et al., | No. 17-56421 |
| Plaintiffs-Appellees, | D.C. No. 3:13-cv-02818-H-JMA |
| v. | |
| COUNTY OF SAN DIEGO; et al., | |
| Defendants-Appellants. | |

| | |
|---|---|
| MICHAEL LEWIS; et al., | No. 18-55148 |
| Plaintiffs-Appellees, | D.C. No. 3:13-cv-02818-H-JMA |
| v. | |
| COUNTY OF SAN DIEGO, | |

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant-Appellant.

LAUREN TAYLOR; et al.,

        Plaintiffs-Appellants,

  v.

COUNTY OF SAN DIEGO,

        Defendant-Appellee.

No.   18-55306

D.C. No.
3:13-cv-02818-H-JMA

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted October 17, 2019
Pasadena, California

Before:  WARDLAW and HURWITZ, Circuit Judges, and BATAILLON,** District Judge.

These cross-appeals arise from the district court's entry of an amended judgment and award of $499,509.00 in attorneys' fees against San Diego County for its warrantless removal of two children from their home.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The jury returned a verdict finding that only the supervising social worker,

---

** The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, sitting by designation.

Benita Jemison,[1] acted intentionally and unreasonably in instructing the social workers at the scene, Ian Baxter and Nancy Quinteros, to remove the children. But the jury also found that Jemison did not cause Fourth Amendment injury to the children and was not deliberately indifferent to the parents' Fourteenth Amendment rights. Despite finding no underlying constitutional violation, the jury found the County liable for failing to adequately train its social workers.

Although the district court found the jury's verdicts inconsistent, the parties agreed that it was unnecessary to call the jury back to deliberate further. Instead, they asked the court to resolve the inconsistency through post-trial motions. In an order denying the parties' post-trial motions, the district court amended the verdict to find that Jemison caused the children's Fourth Amendment injury as a matter of law and upheld the verdict against the County. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978).

1. Judgment as a matter of law may be granted where "the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Wallace v. City of San Diego*, 479 F.3d 616, 624 (9th Cir. 2004). Because Baxter and Quinteros would not have removed the children unless

---

[1] To avoid confusion, we refer to Plaintiffs-Appellants-Cross-Appellees Michael Lewis, Linda Taylor, C.L., and B.L. collectively as "Plaintiffs" and Defendants-Appellees-Cross-Appellants Ian Baxter, Nancy Quinteros, Benita Jemison, and the County of San Diego collectively as "Defendants" throughout this disposition.

Jemison ordered them to do so, the only reasonable conclusion permitted by the evidence is that Jemison caused a violation of the children's Fourth Amendment rights. Accordingly, the district court did not abuse its discretion in denying the County's motion to set aside the *Monell* verdict. *See Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1014 (9th Cir. 1985) (standard of review).

2. We lack jurisdiction over the denial of the County's untimely motion challenging the *Monell* verdict as a matter of law. The County filed a timely "bare-bones motion" but stated no grounds for the motion in violation of Federal Rule of Civil Procedure 7(b)(1). The County's supplemental brief—filed after the 28-day deadline—cannot cure its failure to state any ground for the initial motion. Fed. R. Civ. P. 6(b)(2); *cf. Roy v. Volkswagenwerk Aktiengesellschaft*, 781 F.2d 670, 670 (9th Cir. 1985) (per curiam) (holding that, where a party specifies a ground for a timely motion, a supplemental document filed outside the deadline can furnish the necessary particularity). Notwithstanding the County's untimely motion, we find no error in the trial court's ruling on the County's liability. There is sufficient evidence in the record to support the jury's finding.

3. The district court did not err in finding that Jemison is entitled to qualified immunity. No clearly established law provides fair notice that removing children from a home in circumstances like those here violates the Fourth

4

Amendment.  *S.B. v. Cty. of San Diego*, 864 F.3d 1010, 1015–16 (9th Cir. 2017);

*Kirkpatrick v. Cty. of Washoe*, 843 F.3d 784, 793 (9th Cir. 2016) (en banc).

4.  Nor did the district court abuse its discretion in denying Plaintiffs'

motion for a new trial on damages.  *Transgo, Inc.*, 768 F.2d at 1014 (standard of

review); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (stating qualified

immunity protects officials from liability for civil damages).

5.  Plaintiffs are not entitled to a new trial based on alleged errors in certain

evidentiary rulings and jury instructions.  The district court did not commit

reversible error by: (i) not giving a procedural due process instruction*, Gantt v.

City of Los Angeles*, 717 F.3d 702, 707 (9th Cir. 2013); (ii) rejecting Plaintiffs'

proposed integral participation instruction, *Jones v. Williams*, 297 F.3d 930, 939

(9th Cir. 2002); (iii) admitting expert testimony on the dangers of concentrated

marijuana and marijuana labs, Fed. R. Evid. 103(a), 702(a); (iv) admitting social

workers' lay testimony on exigent circumstances, *Flores v. City of Westminster*,

873 F.3d 739, 754 (9th Cir. 2017); (v) refusing to withdraw Michael Lewis's

admissions, *Conlon v. United States*, 474 F.3d 616, 624 (9th Cir. 2007); and (vi)

excluding the grand jury report, Fed. R. Evid. 403.

6.  We lack jurisdiction to review the district court's denial of summary

judgment.  *Ortiz v. Jordan*, 562 U.S. 180, 183–84 (2011); *Dixon v. Wallowa Cty.*,

336 F.3d 1013, 1017 (9th Cir. 2003).

7.  The district court did not abuse its discretion by awarding attorneys' fees. To award attorneys' fees after a judgment for only nominal damages, the district court must point to some additional way in which the litigation succeeded. *Mahach-Watkins v. Depee*, 593 F.3d 1054, 1059 (9th Cir. 2010).  The court must weigh three factors in making this determination: (1) the difference between the amount recovered and the damages sought; (2) the significance of the legal issue on which the Plaintiff prevailed; and (3) whether the Plaintiff accomplished a public goal.  *Id*.  Here, the district court properly weighed these factors and reasonably concluded that the litigation would have a deterrent effect against warrantless removal of children from their home without consideration of the appropriate factors.  *See id.* at 1062–63.

8.  The district court properly declined to further reduce the fee award based on the results obtained because the court had already considered whether the "significance of the overall relief obtained" justified the hours expended on the litigation.  *See Cunningham v. Cty. of Los Angeles*, 879 F.2d 481, 487–88 (9th Cir. 1988).

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.